# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Brock Fredin,

       Plaintiff,

v.

Grace Elizabeth Miller, Catherine
Schaefer, Lindsey Middlecamp, David
Middlecamp, Peter Mayer, David Green,
and Dorsey and Whitney,

       Defendants.

Civil No. 19-cv-3051 (SRN/HB)

**ORDER**

---

This matter is before the Court on a letter filed by attorney Adam Ballinger on behalf of Defendants Grace Elizabeth Miller, Catherine Schaefer, and Lindsey Middlecamp [Doc. No. 21] and on Plaintiff Brock Fredin's letter in response [Doc. No. 22].

Along with attorney K. Jon Breyer, Mr. Ballinger represents Defendants Miller, Schaefer, and Middlecamp in other actions filed against them by Plaintiff Fredin, *e.g.*, *Fredin v. Middlecamp*, Case No. 17-cv-3058 (SRN/HB), and *Fredin v. Miller*, Case No. 18-cv-466 (SRN/HB). Mr. Ballinger has not yet entered a formal notice of appearance in this matter, however. Mr. Ballinger concedes that Defendant Miller was properly served with a summons and complaint in this case but contends that attempted service on Defendants Middlecamp and Schaefer was ineffective. (Ballinger Letter at 2 [Doc. No. 21].) Mr. Ballinger represents that "[c]ounsel for Defendants Miller, Middlecamp,

and Schaefer are now able to consent to accept service of the summons and complaint on behalf of each of those defendants." (*Id.*)

With respect to Defendant Miller, it appears that she was personally served with a copy of the summons and complaint on December 29, 2019 (Aff. Service, Dec. 30, 2019 [Doc. No. 8]), which means her answer or other response was due on or before January 19, 2020. No answer or other response has been filed to date. Mr. Ballinger's letter is not a proper motion for an extension of time to answer. If Mr. Ballinger intends to seek an extension of time for Defendant Miller to answer, he must formally enter an appearance on her behalf and file a motion (or stipulation) for an extension of time to answer, after meeting and conferring with Plaintiff Fredin.

As to Defendants Middlecamp and Schaefer, in light of Mr. Ballinger's letter consenting to accept service on their behalf, the Court will deem service effective as of the date of the letter, January 29, 2020. Defendants Middlecamp and Schaefer must answer or otherwise respond in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(i). If a motion is filed in lieu of a responsive pleading, the briefing schedule will be governed by Rule 7.1(c) unless the Court orders otherwise for good cause shown. The parties should anticipate that any dispositive motion, including a motion to dismiss, will be heard by the Honorable Susan Richard Nelson, United States District Judge, and should file and brief the motion in accordance with Judge Nelson's Practice Pointers and Preferences, unless and until the motion is referred to the undersigned.

Finally, with respect to the professional conduct issues raised by Plaintiff Fredin in his letter, if he believes he has a legitimate basis to move for disqualification of counsel, he can file the appropriate motion.

**IT IS SO ORDERED**.

Dated:  January 30, 2020                    s/ *Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge