# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BROCK FREDIN,

               Plaintiff,

    --against--

GRACE ELIZABETH MILLER,
CATHERINE SCHAEFER,
LINDSEY MIDDLECAMP,
DAVID MIDDLECAMP,
PETER MAYER,
DAVID GREEN,
DORSEY AND WHITNEY

               Defendants.

Case No.  19-CV-3051

## CORRECTED MEMNORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY KARL JOHANN BREYER

Brock Fredin
Hudson, WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
Plaintiff, *Pro Se*

## TABLE OF CONTENTS

*INTRODUCTION*................................................................... *1*

*RELEVANT FACTS*............................................................. *3*

*GOVERNING STANDARD* ................................................. *4*

*ARGUMENT* ........................................................................ *4*

I.   Attorney Breyer Proffers New Evidence in the April 25, 2018
Email that he Attempted to Rig Frivolous Criminal Charges............... 5

II.  Attorney Breyer Directly Threatened Plaintiff  (YET AGAIN) with
Frivolous Criminal Prosecution in this and Related Civil Cases in
Violation of Minn. R. Prof. Cond. Rule 8.4......................................... 9

III. Attorney Breyer's Coordinated Pile-On Sanction Motions .......... 12

IV.   Dorsey Defendants Proffer Evidence Illustrating Attorney
Breyer's Attorney-Mediator Violation................................................. 13

i.   Attorney Breyer By and Through his Firm Lindquist Maintained
Plaintiff's Confidential Information Where They Served as Attorney-
Mediators in Substantially Related Litigation in Violation of Rule 1.12
................................................................................................15

ii.  Attorney Breyer's Attorney-Mediator Role by and Through the
Lindquist firm Violates Rule 3.7 (Lawyer as a Witness).................... 17

iii. Defendants Should Be Denied Co-Counsel ................................. 18

*CONCLUSION*.................................................................... *19*

## TABLE OF AUTHORITIES

**CASES**

*State v. Casler*, No. C7-02-1848, at *1 (Minn. Ct. App. Aug. 26, 2003) ................................ 9, 18

*Allen v. Reid*, No. 15-cv-1905 (WMW/SER), at *20 (D. Minn. Nov. 29, 2016) ........................ 12

*Bowers v. Ophthalmology Group*, 733 F.3d 647, 652 (6th Cir. 2013). ........................................ 14

*Coffelt v. Shell*, 577 F.2d 30, 32 (8th Cir. 1978)). ........................................................................ 4

*Ebersole v. Ebersole,* No. 0115765, 1994 WL 146238, at *1 (Conn. Super. Ct. Apr. 19, 1994). 15

*Fredin v. Clysdale*, Case No. 18-CV-510 .................................................................................... 3

*Fredin v. Middlecamp*, Case No. 17-CV-3058 ............................................................................. 3

*Fredin v. Miller*, Case No. 18-CV-466, ....................................................................................... 3

*Fredin v. Street, Case No. 19-CV-2864* ...................................................................................... 3

*Gifford v. Target Corp.*, 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) ....................................... 4

*Griffen v. East Prairie, Mo. Sch. Dist. No. 2*, 945 F. Supp. 1251, 1253 (E.D. Mo. 1996) ........... 14

*In re American Airlines, Inc.,*972 F.2d 605, 614 (5th Cir. 1992), ................................................ 14

*In re Riehm*, 883 N.W.2d 223, 232 (Minn. 2016) ....................................................................... 11

*International Woodworkers of Am. v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1272 (4th
   Cir.1980) ................................................................................................................................ 8, 17

*Jenkins v. State of Missouri, 931 F.2d 470, 484 (8th Cir. 1991* .................................................... 4

*McEnany v. West Delaware County Community Sch. Dist.*, 844 F. Supp. 523, 533 (N.D. Iowa
   1994) ....................................................................................................................................... 15, 16

McKenzie Const. v. St. Croix Storage Corp., 961 F. Supp. 857 (D.V.I. 1997)............................ 16

*Middlecamp v. Fredin*, Ramsey County Case No. 62-HR-CV-19-621 .......................................... 3

*Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173 (2d Cir. 2009)........................................ 9, 18

*Nelson v. Hartford Ins. Co. of the Midwest*, CV 11-162-M-DWM (D. Mont. Mar. 8, 2012) ........ 8

*Norby v. Buffalo-Red River Watershed Dist.*, A17-1029, at *2-3 (Minn. Ct. App. Mar. 26, 2018)8

Olson v. Snap Prods., Inc., 183 F.R.D. 539, 541-42 (D. Minn. 1998). ....................................... 4

*Poly Software Intern., Inc. v. Su, 880 F. Supp. 1487* (D. Utah 1995).................................... 15, 16

*Schaefer v. Fredin*, Ramsey County District Court, Case No. 62-hr-cv-16-411 ........................... 3

*See In re Houge,* 764 N.W.2d 328, 339 (Minn.2009)................................................................... 12

*Sheldon Solow v. W.R. Grace & Co.*, 83 N.Y.2d 303 (1994). ..................................................... 17

*Stanton v. Encompass Indem. Co.*, Civil Action No. 12-cv-00801-PAB-KLM, at *3 (D. Colo.
   Aug. 23, 2012) .......................................................................................................................... 8

*United States Football League v. National Football League*, 605 F.Supp. 1448 , 1459 (S.D.N.Y
   1985) ........................................................................................................................................ 14

*United States v. Franklin*, 177 F.Supp.2d 459 (E.D. Va 2001) .............................................. 8, 17

*World Youth Day, Inc. v. Famous Artist Merch. Exch., Inc.*, 866 F. Supp. 1297, 1302 (D.Colo.
   1994) .................................................................................................................................... 9, 18

*Wright v. Pleasant View School District*, No. 05-2010, at *5 (W.D. Ark. Dec. 1, 2005) ........ 9, 18

**RULES**

1.10..................................................................................................................................................... 1

1.12............................................................................................................................................... 1, 4

1.9....................................................................................................................................................... 1

3.7....................................................................................................................................................... 1

D. Minn. L.R. 83.6(d) ....................................................................................................................... 4

Plaintiff Brock Fredin ("Plaintiff") respectfully submits this Memorandum of Law in Support of his Motion to Disqualify concerning Karl Johann Breyer ("Attorney Breyer") including his previous firm Lindquist and Vennum/Ballard Spahr (hereinafter "Lindquist" or "Ballard") and current law firm ("Kutak Rock") as counsel for Defendant Grace Miller, Catherine Schaefer, Lindsey Middlecamp and David Middlecamp (collectively "Defendants") pursuant to Rules 1.6, 1.12(a) and 3.7(b)(1), and 8.4 of the Minnesota Rules of Professional Conduct and individual attorneys within the Lindquist and Kutak Rock firm pursuant to 3.7(a) (Lawyer as a Witness) of the Minnesota Rules of Professional Conduct due to inherent and nonwaivable conflicts of interest by the Lindquist/Ballard and Kutak Rock firms as described herein as it relates to this litigation pursuant to Rules 1.6, 1.9, 1.10, 1.12, 8.4 and/or 3.7 of the Minnesota Rules of Professional Conduct.  Pursuant to the discretionary powers of this Court to order disqualification and for such other and further relief the Court may seem just and proper.

## **INTRODUCTION**

As described below, Plaintiff received a February 11, 2019 freedom of information act ("FOIA") production from the City of Saint Paul.  The new evidence conclusively evidences Attorney Breyer's unbridled misconduct related to parties in this action.  Moreover, Dorsey and Whitney recently provided a party admission to Attorney Breyer's attorney-mediator violation by and through Attorney Breyer's previous firm Lindquist:

- On April 25, 2018, Attorney Breyer coordinated with parties in this action including Defendant Peter R. Mayer to file a false police report with the Saint Paul Police Department by emailing Saint Paul Police Officers David McCabe and Sarah Nasset to <u>coverup</u> allegations related to Defendant Middlecamp and Schaefer's knowledge of extrajudicial communication between Ramsey County Referee Elizabeth A. Clysdale  contained in the April 8, 2018 letter to the Court in *Fredin v. Middlecamp*, Case No. 17-CV-3058, *Fredin v. Miller*, Case No. 18-CV-466 [Doc 16[, and *Fredin v. Clysdale*, Case No. 18-CV-510.  Moreover, the FOIA document shows Attorney Breyer likely had previous contact with the Saint Paul Police as

1

described more fully below.  Attorney Breyer therefore would be a witness in this action under Minn. R. Prof. Cond. Rule 3.7.

- On February 7, 2020, Attorney Breyer committed fraud on the Court by using photos of Plaintiff's bloody mother to make a fraudulent allegation that Defendants were "frame[d]" in *Fredin v. Miller/Middlecamp*, Case No. 17-CV3058 and 18-CV-466.  Moreover, Attorney Breyer made a bold-faced lie in contending that Plaintiff had not delivered discovery or documents related to Defendant Schaefer's revenge pornography profile BlackOutX2.  Attorney Breyer improperly threatened to use Defendant Middlecamp's position to collaterally abuse process by invoking a criminal investigation in a civil case to coverup their fraud on the Court.  This violates Minn. R. Prof. Cond. Rule 3.3 (candor).

- Extended Lindquist and Ballard's attorney-mediator violation by representing adverse parties to Plaintiff.  Party admissions from Dorsey and Whitney further corroborate the basis of the attorney-mediator violation.  This violates Minn. R. Prof. Cond. Rule 1.12 where the attorney-mediator violation is imputed to the entire Lindquist and Ballard firm by Rule 1.10.

- Acted in concert with the State of Minnesota and parties in this action to deliberately withhold and misrepresent exculpatory evidence in several pile-on state court criminal cases captioned *State v. Fredin*, Case No. 62-CR-17-3156/62-CR-18-157, state court civil cases captioned *Middlecamp v. Fredin*, Case No. 62-HR-CV-19-621, and throughout *Fredin v. Middlecamp*, Case No. 17-CV-3058, *Fredin v. Miller*, Case No. 18-CV-466, and *Fredin v. Clysdale*, Case No. 18-CV-510.  On February 11, 2020 Attorney Breyer threatened Plaintiff with criminal investigation in this and other related civil cases order to apparently thwart Plaintiff from filing this FOIA evidence with the Court.  Threatening improper criminal investigation in a civil case violates Minn. R. Prof. Cond. Rule 8.4.  (*See* February 13, 2020 Pl. Decl. Ex. E-G.)

- Coordinated pile-on Rule 11 sanction filings through *ex parte* communication to third parties to overwhelm and prejudice Plaintiff and cause undue burden to the Court in various actions including *Fredin v. Street*, Case No. 19-CV-2864.  Additionally, Attorney Breyer refused to provide third party communication (not covered by attorney-client privilege) when confronted and thereafter threatening improper criminal investigation to thwart actions to uncover the source of such bad-faith and harassing conduct.  Attorney Breyer has refused to provide *ex parte* communication to third parties (not covered by attorney-client privilege) that evidences his actions.  Given new evidence, including the February 11, 2019 FOIA

request, there can be no doubt that Attorney Breyer is acting in bad-faith through prejudicial harassing behavior with Lindquist/Ballard Spahr counsels Adam C. Ballinger, Leita Walker, and to a lesser extent Assistant Minnesota Attorney General Joseph Weiner.

To a lesser extent, Plaintiff contends the following events illustrate Attorney Breyer's unbridled misconduct in violation of various Minnesota Rules of Professional Conduct:

- Practiced law in Wisconsin state court without *pro hace vice* status or a valid Wisconsin law license by filing a motion to dismiss and appearing at a hearing while representing Defendant Catherine Schaefer in May through July 2018. *(See February 13, 2020 Pl. Decl. Ex. C.)*

- Plaintiff believes that Attorney Breyer's *pro bono* representation of Defendants is an act to further coverup evidence in the October 28, 2019 Minneapolis FOIA production and the February 11, 2020 FOIA production. Specifically, the evidence clearly illustrates Attorney Breyer has conducted *ex parte* communications to third parties to bring frivolous criminal charges against Plaintiff.

As described above, the extensive nature and pattern of misconduct violates several rules of professional responsibility including Minn. R. Prof. Cond. Rule 1.6, 1.12 and 8.4.

## **RELEVANT FACTS**
(background)

Plaintiff incorporates by reference his Declaration dated February 13, 2020 for a relevant recitation of the facts. *(See February 13, 2020 Pl. Decl ¶ 1-14.)* Attorney Breyer was counsel of record in several state court cases in Wisconsin and Minnesota representing Defendant Catherine Schaefer and Lindsey Middlecamp:

- *Middlecamp v. Fredin*, Ramsey County Case No. 62-HR-CV-19-621
- *Fredin v. Schaefer, Saint Croix County Circuit Court, Case No.* 2018CV000190

Attorney Breyer was counsel of record in several actions in the District Court of Minnesota representing Defendants Middlecamp, Schaefer, and Miller:

- *Fredin v. Middlecamp*, Case No. 17-CV-3058,
- *Fredin v. Miller*, Case No. 18-CV-466,
- *Fredin v. Clysdale*, Case No. 18-CV-510

- *Fredin v. Street, Case No. 19-CV-2864*

## GOVERNING STANDARD

Attorney disqualification is committed to the discretion of the court. *Jenkins v. State of Missouri, 931 F.2d 470, 484 (8th Cir. 1991).* "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial." *Gifford v. Target Corp.*, 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) (citation omitted). Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to ensure the integrity of the judicial proceedings." Id. at 1116-17 (citation omitted) Motions to disqualify are "subjected to particularly strict scrutiny" because of their potential for abuse by opposing counsel. Olson v. Snap Prods., Inc., 183 F.R.D. 539, 541-42 (D. Minn. 1998). However, "any legitimate doubts . . . must be resolved in favor of disqualification." Id. at 542 (*citing Coffelt v. Shell,* 577 F.2d 30, 32 (8th Cir. 1978)). The conduct of attorneys practicing in the District of Minnesota is governed by the Minnesota Rules of Professional Conduct. D. Minn. L.R. 83.6(d).

## ARGUMENT

Attorney Breyer should be disqualified. First, Attorney Breyer's April 25, 2018 Email Disqualifies Attorney Breyer under Rule 3.7 (Lawyer as a Witness). Second, Attorney Breyer repeatedly threatened Plaintiff with criminal prosecution by improperly using Defendant Middlecamp's prosecutorial role in this and related civil cases. Attorney Breyer's representation violates Minn. R. Prof. Cond. Rule 8.4. Third, Attorney Breyer coordinated four (4) frivolous sanction motions to abuse the Court. Fourth, Defendant Dorsey Whitney, Peter R. Mayer, and David Green proffer evidence of Attorney Breyer's attorney-mediator violation. Attorney Breyer will be called as a witness as it relates to his attorney-mediator violation. This is particularly so

where this attorney-mediator violation leaked information to Defendant Middlecamp.   Attorney

Breyer's representation violates Minn. R. Prof. Cond. Rule 1.12 and 3.7.

I.   <u>Attorney Breyer Proffers New Evidence in the April 25, 2018 Email that
     he Attempted to Rig Frivolous Criminal Charges</u>

As described above, Plaintiff received a February 11, 2020 FOIA production from the City

of Saint Paul.   This FOIA production contains an April 25, 2018 email coordinated by Attorney

Breyer.   *(See February 13, 2020 Pl. Decl  Ex. A.)*   The April 25, 2018 email was sent to Saint Paul

Police officers David McCabe and Sarah Nasset.   *Id.*   In the email, Attorney Breyer and Defendant

Middlecamp, Schaefer, Miller, and Mayer admitted to fabricating evidence in an effort to rig

frivolous charges.   *Id*   Plaintiff contends this to be an attempt to coverup allegations contained in

Plaintiff's April 8, 2018 letter to the Court in *Fredin v. Miller* and *Clysdale* with constant frivilous

unending investigations.   *See Fredin v. Miller*, Case No. 18-CV-466 [Doc 16].

Moreover, Attorney Breyer's email appeared stored as a recent contact lending credence

that he was previously engaging in *ex parte* communications with Saint Paul Police Officer David

McCabe and Sarah Nasset concerning Plaintiff. *(See February 13, 2020 Pl. Decl  Ex. A.)*   This is

also where Defendant Mayer's email address is <u>not</u> stored as a recent contact and appears as

mayer.peter@dorsey.com:

| From: | Lindsey Middlecamp <lindsey.e.middlecamp@gmail.com> |
|---|---|
| Sent: | Wednesday, April 25, 2018 11:38 AM |
| To: | McCabe, David (CI-StPaul);Nasset, Sarah (CI-StPaul) |
| Cc: | mayer.peter@dorsey.com;Catherine Schaefer;Grace Miller;Breyer, Jon;Ballinger, Adam C. |
| Subject: | New documentation of suspected criminal violation of restraining order by Brock Fredin |

*Id.*   Most importantly, however, never once did Attorney Breyer ever disclose to the Court or

Plaintiff that he had contact with Sergeant David McCabe from the Saint Paul Police department

while *Fredin v. Miller* was ongoing.   Plaintiff contends that Attorney Breyer never disclosed that

he was using Saint Paul Police Officer David McCabe in seeking to coverup allegations contained in the April 8, 2018 letter to the Court or to pursue frivolous criminal charges to coverup the below described allegations. *Id.* Specifically, Defendant Middlecamp wrote an email to the above parties describing "new documentation of suspected criminal violation of restraining order by Brock Fredin":

The two agreed that if Catherine provided Brock with unique false information he might later include it in a court filing and they would be able to track it to this message exchange. They brainstormed and decided the most believable false information to provide that Brock would be most likely to raise in a legal proceeding would be to fabricate that Lindsey

*Id.* The problem with statements contained in the April 25, 2018 Email is the phrase that Attorney Breyer maintained knowledge or acted in concert with Defendants to provide "**unique false information** he might later include it in a court filing and [Attorney Breyer and Defendants] would be able to track it to this message exchange. [Defendant Schaefer and Middlecamp] brainstormed and decided the most believable false information to provide that Brock would be most likely to raise in a legal proceeding would be to **fabricate** that Lindsey." *Id.*

Plaintiff was not aware of the text message exchange until it was produced in an April 2018 Saint Paul Police FOIA production that released all police reports to that point in time including a December 21, 2017 report believed to be made by Catherine Schaefer with a complaint number 1728017. And, to this day, Attorney Breyer has never disclosed his knowledge of the "unique false information", efforts to "fabricate" contained in the April 28, 2018 email, or why his email is stored as a previous contact with Saint Paul Police officer David McCabe and Sarah Nasset. *(See February 13, 2020 Pl. Decl  Ex. A.)*

Plaintiff believes that what Defendant Middlecamp, Schaefer, and Attorney Breyer were actually referring to when referencing "unique false information" is the April 8, 2018 letter to this Court containing allegations that Defendant Middlecamp was conducting extrajudicial

communication to Ramsey County Referee Elizabeth Clysdale through Mary Ellen Heng or Tara Patet:



Listen Brock, I have a hilarious secret for you. Lindsey and Clydesdale have a mutual bestie and have been hanging out for years. You are going down way further than you imagined. You messed with the wrong women.

7:03 PM

Saint Paul Police Complaint Number 1728017

*See Fredin v. Miller*, Case No. 18-CV-466 [Doc 16].  This new evidence, coming straight from Attorney Breyer's own emails, that he was using the April 25, 2018 Email to "fabricate … unique false information" substantiates the fact that Attorney Breyer and Defendants used the April 25, 2018 email for the unlawful collateral purpose of attempting to procure evidence through frivolous criminal charges on behalf of Defendants in civil proceedings before this Court and, most importantly, to pursue frivolous charges to coverup allegations contained in the April 8, 2018 letter to the Court in *Fredin v. Miller/Clysdale*.  This constitutes both an abuse of process, invokes, and violates Minn. R. Prof. Cond. Rule 3.7 violation (Lawyer as a Witness).  Minn R. Prof. Cond. Rule 3.7 Lawyers as a Witness States:

(a)  A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

After receiving the February 11, 2020 FOIA production, Plaintiff requested all responsive communication and documents Attorney Breyer sent to third parties concerning Plaintiff not covered by any privilege.  Specifically, Plaintiff stated "[f]urthermore, recent allegations have surfaced that you have operated a scheme with other counsel to file three (3) pile-on collateral sanctions motions/requests at the same or similar time in different cases.  I will request that you provide the Court with all communications between those counsels not covered by attorney-client privilege."  Should Attorney Breyer continue as counsel he "will be able to cross-examine … on the various correspondence that [Attorney Breyer] himself drafted, taking on exactly the dual role of advocate and factual witness that Rule 3.7 forbids … a few examples of communications indicating that [Attorney Breyer] requested [information] while at the same time withholding information requested by [Plaintiff] " *Stanton v. Encompass Indem. Co.*, Civil Action No. 12-cv-00801-PAB-KLM, at *3 (D. Colo. Aug. 23, 2012)  *Nelson v. Hartford Ins. Co. of the Midwest*, CV 11-162-M-DWM (D. Mont. Mar. 8, 2012)  (disqualified the plaintiff's counsel because she was the only first-hand witness to some of the underlying facts, including conversations and interactions she had with insurance agents during the underlying litigation.)  Attorney Breyer is a "necessary witness on the basis of a letter … counsel admitted that he had been in possession of the … letter for some time."  *Norby v. Buffalo-Red River Watershed Dist.*, A17-1029, at *2-3 (Minn. Ct. App. Mar. 26, 2018).  Moreover, the disqualification can be imputed to both Attorney Breyer's firm(s).    Plaintiff now expects to call Attorney Breyer or other Lindquist/Kutak Rock staff identified during the course of any potential discovery in this or other pending matters before the Eighth circuit.  Other circuits including the Fourth (4th) Circuit holds that "[t]he roles of witness and advocate are fundamentally inconsistent and when ... a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy."  *United States v. Franklin*, 177 F.Supp.2d

459 (E.D. Va 2001) quoting *International Woodworkers of Am. v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1272 (4th Cir.1980)  <u>Even at pre-trial stages</u>, Rule 3.7 can be applied if the disqualified counsel is "likely to be a necessary witness on contested issues in this matter and that [the attorney], and the other members of his law-firm, must therefore be disqualified from representing plaintiff." *Wright v. Pleasant View School District*, No. 05-2010, at *5 (W.D. Ark. Dec. 1, 2005)  This is duplicated that "[w]hen a lawyer is prohibited from representing a client under Rule 3.7., generally the other lawyers in his firm are as well."  *Id.*

Attorney Breyer and Mr. Adam C. Ballinger's testimony will be material and may include other members of their respective current or prior firms.  *State v. Casler*, No. C7-02-1848, at *1 (Minn. Ct. App. Aug. 26, 2003) ("We conclude that the district court properly found that Casler's attorney was a "necessary witness" because his testimony was (1) relevant, (2) material, and (3) not available from an alternative source. *See id*; *see also World Youth Day, Inc. v. Famous Artist Merch. Exch., Inc.*, 866 F. Supp. 1297, 1302 (D.Colo. 1994) (providing that "a lawyer is a `necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere.").

As described in Plaintiff's declaration, he intends to call, at the very least, Attorney Breyer at potential trial in this or other pending matters before the Eighth circuit.  In such cases "a law firm can be disqualified by imputation … when the clear convincing evidence shows "the [attorney] witness will provide testimony prejudicial to the client and [B] the integrity of the judicial system will suffer as a result*." Murray v. Metropolitan Life Ins. Co*., 583 F.3d 173 (2d Cir. 2009) at 178-179.   "Attorneys must be independent and free to challenge the credibility of [parties] in order to test the allegations." *Id.*

II.  <u>Attorney Breyer Directly Threatened Plaintiff (YET AGAIN) with Frivolous Criminal Prosecution in this and Related Civil Cases in Violation of Minn. R. Prof. Cond. Rule 8.4</u>

As described above, Plaintiff received a February 11, 20120 FOIA production from the City of Saint Paul.  (*See* February 13, 200 Pl. Decl. Ex. A.)  The FOIA documents are illustrative of Attorney Breyer's coordinated April 25, 2018 Email.  *Id.*  Upon receipt, Plaintiff requested by email the same day all responsive communications and documents concerning Plaintiff to third parties (*ex parte* communication) not covered by attorney-client privilege.  Attorney Breyer responded with yet another threat of criminal prosecution:

> If you file anything … we will refer the matter to the US Attorney's Office to prosecute you for perjury. Lying to the Court is a serious matter.

(*See* February 13, 200 Pl. Decl. Ex. B.)  Specifically, Attorney Breyer stated "if you file anything … we will refer the matter to the US Attorney's Office to prosecute you for perjury."  The problem with Attorney Breyer's statement is "we".  *Id.*  The term "we" likely represents Defendant Middlecamp's position as a Special Assistant United States Attorney.  *Id.*  Indeed, Attorney Breyer proffers the April 25, 2018 Email as further evidence that Attorney Breyer and Defendant Middlecamp would "fabricate … unique false information" to pursue frivolous criminal charges. *Id.*  And, to this day, Attorney Breyer has never specified why he is representing Defendant Middlecamp in multiple actions *pro bono*, why he coordinated the April 25, 2018 Email, why Saint Paul Police Office David McCabe's email has Attorney Breyer listed as a previous contact, or why he withheld and misrepresented evidence in multiple actions.  *(See February 13, 2020 Pl. Decl Ex. P. 1-14.)  See* Minn. Stat. § 549.211, subd. 2(3) (providing that advocacy and written submissions to the court constitute certification that allegations and factual contentions have evidentiary support); *See* also *Hughes v. Sinclair Mktg.*, 389 N.W.2d 194, 200 (Minn.1986) Attorney Breyer repeatedly made demonstrably false statements to the court.  *In re Nora*, A18-1574 (Minn. May 22, 2019) *(quoting In re Petition for Disciplinary Action Against Scott Selmer*,

866 N.W.2d 893 (Minn. 2015) ("misconduct involving a pattern of frivolous and harassing litigation, abuse of the discovery process, and failure to acknowledge wrongdoing")

Attorney Breyer's allegation is laughable considering the scale of Defendants false police reports and coordinated activities with Ramsey County Judges, prosecutors from the Minneapolis City Attorney's Office, Bloomington City Attorney's Office, Saint Paul City Attorney's Office, and Saint Paul Police Officers. *Id.* Moreover, this appears to be a tactic out of fear. Any reputable attorney would not tell their target before filing a complaint of this nature. Attorney Breyer's misrepresentations to the court ranged from documented lies as to phone and text message allegations, his improper representation on behalf of Defendant Middlecamp in concert with the State of Minnesota to withhold exculpatory evidence in state criminal actions leading to wrongful vindictive convictions that would have otherwise been avoided given access to evidence, when papers were served including **withholding his knowledge of the April 28, 2017 swat raid to serve Defendant Middlecamp's restraining order** on Plaintiff, withholding knowledge that Saint Paul Police Officer David McCabe contacted the *City Pages* on behalf of Defendant Miller, allegations of orchestrating release of FOIA documents following major deadlines, to attempts to rig the April 25 2018 vindictive prosecution to coverup the April 8, 2018 letter to this Court. *Id.* He now attempts to use a deposition to cover his tracks. And, when he was caught lying through the February 11, 2020 FOIA request, he accused Plaintiff of lying in the separate action *Fredin v. Middlecamp/Miller* by publishing improper photographs of Plaintiff's mother alleging Defendants were "frame[d]" to humiliate, embarrass, and target Plaintiff's family and then threatened criminal prosecution by collaterally abusing Defendant Middlecamp's position as a Special Assistant United States Attorney. (*See* February 13, 200 Pl. Decl. Ex. B.) "An attorney who behaves dishonestly not only obstructs the fair administration of justice, *id.* at 548–

49, but also weakens public confidence in the legal profession." *In re Riehm*, 883 N.W.2d 223, 232 (Minn. 2016) (internal quotations omitted)   Moreover, the purpose of recording Attorney Breyer's coordinate efforts to fabricate evidence "is not to punish the attorney but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Riehm*, 883 N.W.2d 223, 233 (Minn. 2016) The April 25, 2018 Email involved serious misconduct.  Attorney Breyer coordinated the April 25, 2018 Email to fabricate evidence, engage in false reporting, maintained knowledge of Defendants unlawful conspiracy, deliberately withheld and misrepresented evidence from this Court to pervert justice, and pursued collateral frivolous criminal charges to cover up allegations provided to this Court in the April 8, 2018 letter in *Fredin v. Miller/Clysdale*.   *See In re Houge,* 764 N.W.2d 328, 339 (Minn.2009) ("Severe discipline is warranted where a lawyer's conduct is dishonest and lacks integrity.")  (*See* February 13, 200 Pl. Decl. Ex. p. 1-14.)

## III.   Attorney Breyer's Coordinated Pile-On Sanction Motions

Attorney Breyer coordinated four (4) pile-on sanctions motions in multiple actions to abuse this Court.  These sanctions motions are  "repetitive, disrespectful, and require a substantial amount of resources from [Plaintiff] as well as the Court. " *Allen v. Reid*, No. 15-cv-1905 (WMW/SER), at *20 (D. Minn. Nov. 29, 2016)  As described above, this appears to be a "pile-on" scheme – similar to the pile-on police reports and harassment orders Defendants concocted - with several other attorneys to file frivolous sanctions motions at the same or similar time:

- On November 19, 2019, Ballard Spahr Counsel Leita Walker filed a frivolous sanctions motion on November 19, 2020 over a typo in *Fredin v. City Pages,* Case No. 19-CV-472 [Doc 37-38]
- On December 4, 2019 Assistant Minnesota Attorney General Joseph Weiner's frivolous request for sanction in *Fredin v. Stree*t, Case No. 19-CV-2864 [Doc 32].
- On February 7, 2020, Attorney Breyer and Adam C. Ballinger filed a frivolous Rule 37 sanctions motion in *Fredin v. Middlecamp,* Case No. 17-CV-3058 and *Fredin v. Miller*,

Case No. 19-CV-466.

As described above, Plaintiff received a February 11, 2020 FOIA production illustrative of Attorney Breyer's coordinated efforts.   Plaintiff immediately requested by email all communication with third parties concerning Plaintiff not covered by attorney-client privilege to collaterally rig all four (4) frivolous requests and previous communication with Saint Paul Police Officer David McCabe and Sarah Nasset.   As described above, and out of fear, Attorney Breyer then threatened to use Defendant Middlecamp's position as a Special Assistant United States Attorney to bring frivolous charges and further abuse this Court if this evidence was filed.  (*See* February 13, 2020 Pl. Decl. Ex. A.)

IV.   <u>Dorsey Defendants Proffer Evidence Illustrating Attorney Breyer's Attorney-Mediator Violation</u>

As an initial matter, Lindquist partners Michael Olafson and Mark Jacobson from Lindquist/Ballard maintained their role as mediators during several state court actions, spanning several months, and compromising multiple contacts and communication with Plaintiff, his attorney Nathan Hansen, and is the root source of this litigation.  A party admission was made identifying Lindquist and Vennum/Ballard Spahr's mediation during the state court action originally filed in Ramsey County District Court captioned *Schaefer v. Fredin*, Case No. 62-HR-CV-16-411.  The party admission was made in an opposition memorandum signed by Dorsey and Whitney claims counsel Mr. Lancaster and Sherman who represent Dorsey associate Defendant Mayer.  *See* [Doc 35]  The party admission was made by Defendant Mayer by way of his counsel on January 31, 2020 in this *instant* case.  *Id.*  Defendant Mayer was the opposing adverse counsel representing Catherine Schaefer in *Schaefer v. Fredin*.  On January 31, 2020, **Defendant Mayer by way of his counsel stated a "mediation took place."**

a mediation took place.

(*See* Dorsey. Opp. Mem. ¶ at p. 2 footnote 1;  [Doc 35])  Specifically, the party admission was made identifying that Lindquist and Vennum partner Michael Olafson mediated between parties during the *Schaefer cv. Fredin* action.

Attorney Breyer was an equity partner during the entire phase of Lindquist's mediation. Plaintiff contends the attorney-mediator violation is imputed to the entire Lindquist/Ballard firm(s) under Rule 1.10.   The substantial relationship test governs claims for disqualification based on former attorney-mediator representation.  *In re American Airlines, Inc.,* 972 F.2d 605, 614 (5th Cir. 1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); Mo.Sup.Ct.R. 4, 1.9(a). The Eighth Circuit has articulated the "substantial" relationship test as follows:

> The two-part test requires the party seeking disqualification to show (1) an attorney-client relationship existed and (2) there is a substantial relationship between the subject matter of the present and former representations. *Id.; Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 607-08 608 n. 7 (8th Cir. 1977)

*Griffen v. East Prairie, Mo. Sch. Dist. No. 2*, 945 F. Supp. 1251, 1253 (E.D. Mo 1996)  "If the facts giving rise to an issue which is material in both former and present litigation are as a practical matter the same, then there is a "substantial relationship" between the representations for purposes of a disqualification motion."  *United States Football League v. National Football League*, 605 F.Supp. 1448 , 1459 (S.D.N.Y 1985)  "It is the congruence of factual matters, rather than areas of law, that establish a substantial relationship between representations for disqualification purposes. The representations are substantially related if they involve the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct. *Bowers v. Ophthalmology Group*, 733 F.3d 647, 652 (6th Cir. 2013).  "former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk

that the lawyer has confidential information to use in the subsequent matter." ABA Model Rules of Professional Conduct Rule 1.9 cmt. 3.; *See* Restatement (3rd) of the Law Governing Lawyers § 132 cmt. D)iii ("A concern to protect a former clients confidential information would be self-defeating if, in order to obtain its protection, the former client were required to reveal in a public proceeding the particular communication or other confidential information that could be used in the subsequent representation.") Furthermore, Plaintiff contends that Michael Olafson received confidential information including Plaintiff's email address and a notice of deposition that was leaked to Defendant Middlecamp and provided to the City Pages, Plaintiff provides overwhelming new evidence from the February 11, 2020 FOIA request that illustrates Defendants were even requesting Saint Paul Police Officer David McCabe to contact the *City Pages* and Defendant Middlecamp's @CardsAgstHrsmt.

> i. <u>Attorney Breyer By and Through his Firm Lindquist Maintained Plaintiff's Confidential Information Where They Served as Attorney-Mediators in Substantially Related Litigation in Violation of Rule 1.12</u>

As described below, four (4) cases establish Plaintiff's strong likelihood of success under Rule 1.12 in requesting a disqualification:

- *McEnany v. West Delaware County Community Sch. Dist.*, 844 F. Supp. 523, 533 (N.D. Iowa 1994) (involving challenge to validity of mediation settlement agreement on grounds that mediator's law firm previously represented one party)

- *Ebersole v. Ebersole,* No. 0115765, 1994 WL 146238, at *1 (Conn. Super. Ct. Apr. 19, 1994) 1994 WL 146238 (attorneys cannot represent clients in divorce proceedings and then impartially mediate in a subsequent divorce mediation. Moreover, concurrent representation of a mediation party indicates an undeniable lack of impartiality and invites potential abuse of confidential information learned during mediation.

- *Poly Software Intern., Inc. v. Su, 880 F. Supp. 1487* (D. Utah 1995) ("Where a mediator has received confidential information in the course of mediation, that mediator should not thereafter represent anyone in connection with the same or a substantially factually related

matter unless all parties to the mediation proceeding consent after disclosure. )

- *McKenzie Const. v. St. Croix Storage Corp., 961 F. Supp. 85*7 (D.V.I. 1997) (addressed whether an attorney-mediator's conflict may be imputed to her law firm.

Minn. R. Prof. Cond. Rule 1.12 (a) states:

> Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person, or as an arbitrator, mediator, or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.

In a Rule 1.12 challenge, Lindquist/Ballard's former substantial attorney-mediation could challenge the validity of the state court orders. *McEnany v. West Delaware County Community Sch. Dist.*, 844 F. Supp. 523, 533 (N.D. Iowa 1994)  In other words, Lindquist/Ballard's unethical conflict of interest could potentially modify any of the underlying state court orders.  Because Dorsey associate Defendant Mayer participated in the same mediation, Dorsey and Whitney have a conflict of interest with Plaintiff if that attorney-mediator violation flows or is imputed to all parties.

At least two (2) federal district courts have addressed the application of the rules to attorney-mediators.  In *Poly Software International, Inc. v. Su*, an attorney who had previously mediated a dispute involving two software companies later represented one of the parties against another on a substantially related matter.  The Court disqualified the attorney-mediator.  *Poly Software Intern., Inc. v. Su*, 880 F. Supp. 1487 (D. Utah 1995) The court's rule encompasses subsequent representation of anyone in a substantially related matter.

Another case, *McKenzie Construction v. St. Croix Storage Corp.*, addressed whether an attorney-mediator's conflict may be imputed to her law firm.  *McKenzie Const. v. St. Croix Storage Corp.*, 961 F. Supp. 857 (D.V.I. 1997)  The litigation in this case involved subject matter identical to an earlier mediation and neither side disputed that the attorney-mediator should be disqualified

under rules.   The *McKenzie* court applied Rule 1.10 and disqualified the mediator's entire law

firm.  The court noted that although the conflict arose through mediation rather than representation,

the analysis was the same.

Because Lindquist/Ballard engaged in mediation during several pre-trial events in state

court actions, Lindquist/Ballard maintained ongoing substantial contact and communication with

Plaintiff.  *(See Jan, 30, 2020 Pl. Decl  ¶ 11-30.)*  Lindquist partners Mr. Olafson and Jacobsen

entered conference rooms multiple times and discussed in-depth confidential topics with the

parties over the course of a combined four (4) months.  *Id.*

### ii.   Attorney Breyer's Attorney-Mediator Role by and Through the Lindquist firm Violates Rule 3.7 (Lawyer as a Witness)

Minn R. Prof. Cond. Rule 3.7 Lawyers as a Witness States:

(a)   A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The disqualification can be imputed to the entire firm under Rule 1.10.  Plaintiff expects to call

Attorney Breyer, including former Lindquist/Ballard associate Defendant Middlecamp, Michael

Olafson, Mark Jacobson and Dorsey and Whitney associate Defendant Mayer, and Defendant

Green or other Dorsey staff identified during the course of any potential discovery in this or other

pending matters before the Eighth circuit.  "A lawyer may not both appear for and oppose a client

on substantially related matters when the clients' interests are averse."  *Sheldon Solow v. W.R.*

*Grace & Co.*, 83 N.Y.2d 303 (1994).  Other circuits including the Fourth (4th) Circuit holds that

"[t]he roles of witness and advocate are fundamentally inconsistent and when ... a lawyer ought to

testify as a witness for his client, he must as a rule withdraw from advocacy." *United States v. Franklin*, 177 F.Supp.2d 459 (E.D. Va 2001) quoting *International Woodworkers of Am. v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1272 (4th Cir.1980)  Even at pre-trial stages, Rule 3.7 can be applied if the disqualified counsel is "likely to be a necessary witness on contested issues in this matter and that [the attorney], and the other members of his law-firm, must therefore be disqualified from representing plaintiff." *Wright v. Pleasant View School District*, No. 05-2010, at *5 (W.D. Ark. Dec. 1, 2005)  This is duplicated that "[w]hen a lawyer is prohibited from representing a client under Rule 3.7., generally the other lawyers in his firm are as well." *Id.*

Attorney Breyer's testimony will be material and may include other members of his respective current or prior firms. *State v. Casler*, No. C7-02-1848, at *1 (Minn. Ct. App. Aug. 26, 2003) ("We conclude that the district court properly found that Casler's attorney was a "necessary witness" because his testimony was (1) relevant, (2) material, and (3) not available from an alternative source. *See id*; *see also World Youth Day, Inc. v. Famous Artist Merch. Exch., Inc.*, 866 F. Supp. 1297, 1302 (D.Colo. 1994) (providing that "a lawyer is a `necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere.").

As described above, he intends to call, at the very least, the above-named attorneys to potential trial in this or other pending matters before the Eighth circuit.  In such cases "a law firm can be disqualified by imputation … when the clear convincing evidence shows "[A] the witness will provide testimony prejudicial to the client and [B] the integrity of the judicial system will suffer as a result*." Murray v. Metropolitan Life Ins. Co*., 583 F.3d 173 (2d Cir. 2009) at 178-179. "Attorneys must be independent and free to challenge the credibility of [parties] in order to test the allegations."

### iii.   Defendants Should Be Denied Co-Counsel

Given Defendants continued unethical conduct, including allegations contained in the April 25, 2018 Email where Attorney Breyer, Adam C. Ballinger, and Defendant Peter R. Mayer attempted to repeatedly rig frivolous criminal charges, passing unethically obtained privileged information between attorney-mediators and themselves, conducting marathon seven (7) hour depositions, financial exploitation of Plaintiff through harassing *pro bono* representation, he requests that the Court deny co-counsel for Defendants.

**<u>CONCLUSION</u>**

For the reasons set forth herein, Plaintiff respectfully requests that this Court disqualify Attorney Breyer, disqualify his previous or current law firm(s) and former attorneys, partners, or staff from representing adverse clients to Plaintiff in similar/related claims in all actions pending in the Eighth circuit.  Plaintiff also requests that Defendant Miller, Mayer, Green, Schaefer, and Middlecamp be prohibited from the benefit of sharing counsel given their unethical history of coordinated abusive activities to rig frivolous charges and *quid-pro-quo* appointments.

Dated: February 13, 2020

s/ Brock Fredin
Brock Fredin
Hudson, WI 54016
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

# CERTIFICATE OF SERVICE

**The undersigned hereby certifies that a true and correct copy of the following:**

MOTION TO DISQUALIFY KARL JOHANN BREYER
CPRRECTED MEMORANDUM
DECLARATION

I hereby certify that on the 12 AND 13 day of FEBRUARY 2020 I caused the foregoing

Plaintiff's CORRECTED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S

MOTION TO KARL JOHANN BREYER to be filed with the Clerk of the Court using the

CM/ECF system, which will then serve such filing to the following individuals registered to use

the CM/ECF system in this matter.  I will provide personal process service of to the following:

Peter Lancaster
50 South 6th St, #1500
Minneapolis, MN 55402
*Counsel for Dorsey, Peter Mayer, and David Green*

K. Jon Breyer
Kutak Rock
60 South 6th St

Dated: February 13, 2020

s/ Brock Fredin
Brock Fredin
Hudson, WI 54016
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*