# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BROCK FREDIN,

                Plaintiff,

    --against--

GRACE ELIZABETH MILLER,
CATHERINE SCHAEFER,
LINDSEY MIDDLECAMP,
DAVID MIDDLECAMP,
PETER MAYER,
DAVID GREEN,
DORSEY AND WHITNEY

                Defendants.

Case No.  19-CV-3051

**CORRECTED MEMORANDUM IN OPPOSITION TO DORSEY DEFENDANTS MOTION TO DISMISS**

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in opposition to Defendant Dorsey and Whitney's Motion to Dismiss against Defendant Dorsey and Whitney ("Defendant Dorsey"), Defendant Peter Mayer ("Defendant Mayer"), and Defendant Peter R. Mayer ("Defendant Mayer"), collectively ("Dorsey Defendants" or "Defendants").[1]

## BACKGROUND

As set forth herein, Dorsey Defendant's Motion to Dismiss Counts 1, 4-8, 10, 12-16, and 18-19 of the Complaint should be denied.  Plaintiff has plausibly alleged facts to support malicious

---

[1] Given new February 11, 2020 FOIA evidence, Dorsey Defendants coordinated an April 21, 2017 secret backchannel extrajudicial communication in yet another scheme to interfere with this Court's filings, tamper/rig with state court actions, and cover up Defendants alleged misconduct.  As a result, the allegations against Dorsey contained in this Complaint and Motion to Dismiss stage appear to be just the tip of the iceberg in Dorsey's apparent misconduct as it relates to these cases.  *See* February 13, 2019 Pl. Decl at Ex. A.  [Doc. 42.]

prosecution (Count 1-2), false imprisonment (Count 4), abuse of process (Count 5-7), assault and battery (Count 7-1), negligence (Count 8, 10), invasion of privacy (Count 12), intentional infliction of emotional distress ("IIED") (Count 13, 15-16), negligent infliction of emotional distress (Count 17), abuse of process (Count 18), and conspiracy (Count 19).  Therefore, Plaintiff opposes Dorsey Defendant's Motion to Dismiss as he has properly stated claims for the above-referenced claims. As a result, Plaintiff respectfully requests that this Court dismiss the motion in its entirety for the reasons set forth more fully below.

## STATEMENT OF FACTS

As an initial matter, Dorsey Defendant's memorandum of law in support of their Motion to Dismiss is replete with material misrepresentations, distortions of the facts and assertions that are simply not pertinent to the Motion to Dismiss.  Plaintiff must set the record straight as a result. Dorsey Defendants continued gratuitous ad-hominem personal attacks and complete lack of respect for the law is evidenced where they attempt to claim credit for their rigged state court actions by alleging "Plaintiff Brock Fredin is the subject of multiple harassment restraining orders." (*See* Dor. MTD. ¶ 1.)  Dorsey Defendants intentionally omit their secret actions to engage in a malicious prosecution scheme to violently torture Plaintiff Brock Fredin.  (*See* Compl. ¶ 8, 2, 6.)  Plaintiff presents the following cases that relate to the issues in this action:

- *State v. Fredin*, Case No. 62-CR-17-3156 ("*Miller State Action*")
- *Miller v. Fredin, Case No. 62-CR-16-46 ("Miller v. Fredin")*
- *Schaefer v. Fredin, Case No. 62-HR-CV-16-411 ("Schaefer v. Fredin")*
- *Schaefer v. Fredin, Case No. 62-HR-CV-18-527*

### Malicious Prosecution

Between June 2016 and present, Dorsey Defendants adopted efforts and events leading to the unlawful charge without probable cause in the *Miller State Action*.  Moreover, Dorsey

Defendants maliciously prosecuted Plaintiff without probable cause by way of their December 14, 2017 extrajudicial backchannel emails.

<u>False Imprisonment</u>

Between October 17, 2018 and June 12, 2019, Dorsey Defendants adopted efforts and events leading to false imprisonment and torture.   Moreover, Dorsey Defendants falsely imprisoned Plaintiff on April 28, 2017.   Dorsey Defendants allege that Plaintiff was "sentenced to 365 days in the Ramsey County Correctional Facility."  (*See* Dor. MTD. ¶ 2.)  Dorsey Defendants fail to acknowledge that no other litigant in the history of Minnesota had ever been given that level of sentence for someone let alone under a facially unconstitutional subsection of Minn. Stat. § 609.749 Subd. 2(6).   If Plaintiff can be criminally charged, ruined, and violently tortured for expressing his opinion under a First Amendment context, how is it even possible that Defendants are not even minimally investigated?   The answer is simple:  Defendants have rigged this entire process.   Dorsey's Motion to Dismiss is yet another example of their failure to take responsibility or apologize for rigging every action.   In reality, Plaintiff was punished for criticizing the Ramsey County bench and the Minneapolis City Attorneys' Office - an office which shares a profitable contract and incestuous relationship with Dorsey Defendants.   As stated in his Complaint, Dorsey derives revenue from prosecuting cases on behalf of the City of Minneapolis.   Even worse, Dorsey Defendants have failed to disclose why they provided a *pro bono* lawyer on behalf of Defendant Schaefer in a civil case and why this was part-in-parcel to the Minneapolis City Attorney Office's scheme to maliciously prosecute Plaintiff through Defendant Lindsey Middlecamp, backchannel communication, coordinated pile-ons, and secret skunkwork[2] Gestapo[3] level prosecutions and

---

[2] https://en.wikipedia.org/wiki/Skunkworks_project
[3] https://en.wikipedia.org/wiki/Gestapo

3

raids to silence any peaceful oppositional criticism.  The real tragedy is that it remains remarkable that Defendants have not been investigated, charged, and prosecuted for their radical efforts to violently torture Plaintiff.  The state clearly has no interest in doing so because it would cast negative light on their corrupt processes and jeopardize several careers.

## Abuse of Process

As described above, Dorsey Defendants false imprisonment led to the loss of liberty or access to legal resources necessary to file appropriate motions with the state court.  Dorsey Defendants conspired to remove Plaintiff's private retained attorney and legal resources.  Secondly, Dorsey Defendants actions forced Plaintiff to unlawfully labor without pay.  Thirdly, Defendants sought to violate Minn. R. Prof. Rule 8.4(e) by improper criminal prosecution in a civil case.  Fourth, Dorsey Defendants improperly used Defendant Middlecamp's official position to execute their improper scheme.

## Assault and Battery

Between October 17, 2018 and June 12, 2019, Dorsey Defendants adopted efforts and events leading to assault and battery.  Plaintiff was unlawfully assaulted, battered, and tortured throughout this period.

## Negligence

Between June 2016 and present, Dorsey Defendants negligently allowed a vindictive prosecution and December backchannel emails to occur.  Dorsey Defendants owed Plaintiff a duty of care, knowingly breached their duty of care, and caused harm to Plaintiff.

## Invasion of Privacy

Between October 17, 2018 and June 12, 2019, Dorsey Defendants intentionally intruded upon Plaintiff's privacy.

<u>Intentional Infliction of Emotional Distress</u>

Between June 2016 and present, Dorsey Defendants acted recklessly, with extreme and outrageous conduct, that caused severe emotional distress.

<u>Negligent Infliction of Emotional Distress</u>

Between June 2016 and present, Dorsey Defendants knowingly created a danger zone and placed Plaintiff in that danger zone to falsely imprison or maliciously prosecute Plaintiff.

<u>Conspiracy</u>

Between June 2016 and present, Dorsey Defendants acted in concert with Defendants in this action to execute their improper schemes on all counts.

## **LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts, when accepted as true, that state a facially plausible claim for relief." *Jefferson v. Roy*, 2017 WL 4325704, at *1 (D. Minn. Sept. 28, 2017) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations must be sufficient to "raise a right to relief" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "When determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor." *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

## **ARGUMENT**

The dismissal of the above-referenced counts would be improper in this case as a matter of law. First and foremost, Plaintiff provided sufficient facts to support both malicious prosecution claims (Count 1-2), abuse of process claims (Count 5-7, 18), assault and battery (Count 7-1), negligence (Count 8, 10), invasion of privacy (Count 12), intentional infliction of emotional

distress ("IIED") claims (Count 13, 15-16), and conspiracy (Count 19). Moreover, Plaintiff has provided facts that are sufficient to show Dorsey Defendant's used their contractual relationship with the Minneapolis City Attorneys' Office to offer a *pro bono* attorney's to Defendant Schaefer and maliciously prosecute Plaintiff using improper extrajudicial communication. Additionally, as this memorandum of law will describe in more detail below, Defendant engage in patently bad-faith litigation practices including deliberately concealing their efforts terrorize him and unlawfully torture Plaintiff with bogus charges and vindictive year sentences. For the reasons set forth below, the Court should dismiss the motion in its entirety.

## I.    Plaintiff States Malicious Prosecution Claims

The elements of malicious prosecution require (1) the action [must be] brought without probable cause or reasonable belief that the plaintiff would ultimately prevail on the merits; (2) the action must be instituted and prosecuted with malicious intent; and (3) the action must terminate in favor of the defendant. *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. App. 1997), review denied (Minn. Oct. 31, 1997). Both the probable cause and malice elements of a malicious prosecution claim are factual questions for the jury. *Smith v. Maben,* 42 Minn. 516, 518, 44 N.W. 792, 793 (1890) ("Malice . . . is a distinct issue to be found, as a question of fact, by the jury."); *Burton v. St. Paul, Minneapolis & Manitoba Ry. Co.*, 33 Minn. 189, 192, 22 N.W. 300, 301 (1885) ("When the facts are in controversy, the subject of probable cause should be submitted to the jury . . . .").

Plaintiff presents several cases showing a strong likelihood of success in support of a malicious prosecution claim:

- *Allen v. Osco Drug, Inc.*, 265 N.W.2d 639 (Minn. 1978) (malicious prosecution upheld on appeal after jury verdict in favor of a plaintiff where malicious prosecution may be proven on a showing that the defendant acted with

"recklessness," or that the defendant acted "contrary to one's own conviction of duty *or* with a willful disregard of the rights others.")

- *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 560 (8th Cir. 1989) (holding that store acted with police in working to prosecute without probable cause to support malicious prosecution claim)
- *Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996) (supporting a malicious prosecution claim)
- *Morgan v. McLaughlin,* 188 N.W.2d 829, 831 (Minn. 1971) (malicious prosecution is defined as instigating charges without probable cause)
- *Bryant v. American Sur. Co.*, 69 Minn. 30, 30, 71 N.W. 826, 826 (1897) (malicious prosecution for crime)
- *Grimes v. Bagwell*, 837 S.W.2d 554, 558 (Mo. Ct. App. 1992) (finding no probable cause when defendant in malicious prosecution action had misrepresented essential facts to prosecuting attorneys) (quoted in several Eigth circuit cases)
- *Hazlett v. City of Pine Lawn*, Case No. 4:12-CV-1715 JAR (E.D. Mo. Aug. 19, 2013) (presenting false evidence or withholding evidence supports a claim of malicious prosecution)

As to the <u>*first*</u> prong, Dorsey Defendants brought without probable cause unlawful charges and a vindictive executed year sentence in the following actions:

- *State v. Fredin*, Case No. 62-CR-17-3156 ("*Miller State Action*")
- *Miller v. Fredin, Case No. 62-CR-16-46 ("Miller v. Fredin")*
- *Schaefer v. Fredin, Case No. 62-HR-CV-16-411 ("Schaefer v. Fredin")*
- *Schaefer v. Fredin, Case No. 62-HR-CV-18-527*

Dorsey Defendants allege "Plaintiff fails to allege any facts that plausibly tie the Dorsey Defendants to the institution or instigation of the charges against him in that case." (*See* Dor. MTD. ¶ 7.) Dorsey Defendants repeatedly adopted the unlawful charges in the *Miller State Action* by gratuitously citing *Miller v. Fredin* and the *Miller State Action* in *Schaefer v. Fredin*. Dorsey Defendants alleged that the First Amendment did not protect Plaintiff's harmless Match.com profile by continuing to allege that Plaintiff "harassed" others. A "criminal charge or indictment would constitute "formal legal action" sufficient to trigger a malicious prosecution claim." *State Bank of Bellingham v. Bancinsure, Inc.*, No. 13-cv-0900 (SRN/JJG) (D. Minn. Sep. 29, 2014)

(quoting *Stead-Bowers v. Langley*, 636 N.W.2d 334, 341 (Minn. Ct. App. 2001)  To prevail on a claim for malicious prosecution, "the want of probable cause must be very palpable." *First Nat. Bank of Omaha v. Marquette Nat*, 636 F.2d 195 (8th Cir. 1980) (quoting *Virtue v. Creamery Package Mfg. Co*., 142 N.W. 930, 936 (Minn. 1913)  Dorsey Defendants further allege "there was never any "proceeding" to begin with." (*See* Dor. MTD. ¶ 9)  Dorsey Defendants were "unhappy" with Plaintiff and took a circular secret extrajudicial route to invoke proceedings by systematically engaging in a patently unlawful malicious scheme to repeatedly bring proceedings using their unique and special relationship with the City of Minneapolis.  *Grise v. Allen*, Case No. 5:11-195-KKC, at *16 (E.D. Ky. Mar. 30, 2016) (semi-extrajudicial route to execute charges)  Moreover, Dorsey Defendants misrepresented and withheld evidence.  For example, their show cause motion rested on several false police reports by Defendant Catherine Schaefer and their rigged tactics e.g., direct extrajudicial contact with prosecutors and their quid-pro-quo pro bono scheme.

As to the <u>*second*</u> prong, Dorsey Defendants malicious scheme was illustrated by references from Dorsey lawyer Defendant Mayer's on-the-record statements during a May 4, 2017 hearing claiming that Plaintiff should have a "brief prison stay":

```
25 │  interfere in her life -- I think a brief prison stay

 1 │  would be appropriate and I think a fine is appropriate,
```

(*See* May 4, 2017 Tran. ¶ p. 3-4 line 25 and 1.)  Moreover, Dorsey Defendants scheme was illustrated by December 14, 2017 extrajudicial communication to Defendant David Green which is believed to be used to seek malicious criminal charges.  (*See* Compl. ¶ 2, 8.)  *Morgan v. McLaughlin,* 188 N.W.2d 829, 831 (Minn. 1971) (noting that the "gist" of a malicious-prosecution claim is "the malicious instigation of a prosecution without probable cause") *See*

also *Jenkins v. County of Hennepin, Minnesota*, Civ. No. 06-3625 (RHK/AJB), at *23 (D. Minn. Aug. 3, 2007)

As to the _third_ prong, charges in *Miller v. Fredin* and the *Miller State Action* were reversed and vacated by way of the Minnesota Supreme court voiding the harassment by mail statute under First Amendment grounds on June 19, 2019.  (*See State v. Fredin*, Case No. A19-0085, Minn. Crt. App., June, September, and October ltrs.)  Moreover, charges were declined in January as they relate to Dorsey Defendants December 2017 charging submissions to the Minneapolis and Saint Paul City Attorneys' Office.  (*See* Compl. ¶ 9 p. 30.)  As a result, "proceedings [were terminated] in favor of the accused party."  *Jenkins v. County of Hennepin, Minnesota*, Civ. No. 06-3625 (RHK/AJB), at *23 (D. Minn. Aug. 3, 2007)  Dorsey Defendants misrepresent their defense by alleging the "result was not a termination of the proceedings in Plaintiff's favor."  (*See* Dor. MTD. ¶ 7.)  Each claim was terminated in Plaintiff's favor.  (*See* Compl. ¶ 9; 2 p. 2; 30.)  Dorsey Defendants repeatedly acted with malice by failing to correct their actions by retracting their malicious prosecution scheme, emails, or apologizing.  *Allen v. Osco Drug, Inc.,* 265 N.W.2d 639, 645 (Minn. 1978) (stipulating malice is critical element of malicious prosecution)  In fact, Dorsey Defendants continue to rely on fabricated police reports alleging Defendant Schaefer was contacted by telemarketers.

## II.    **Plaintiff States Abuse of Process Claims**

The elements of abuse of process require (1) the existence of an ulterior purpose in using the process; and (2) the act of using the process to accomplish a result not within the scope of the proceeding in which it was used.  *Kellar v. VonHoltum,* 568 N.W.2d 186, 192 (Minn. App. 1997), review denied (Minn. Oct. 31, 1997). "The gist of the action, then, is the misuse or misapplication of legal process to accomplish an end other than that which the process was

designed to accomplish." *Pow-Bel Const. Corp. v. Gondek,* 291 Minn. 386, 389, 192 N.W.2d 812,

814 (1972).  To support a cause of action for abuse of process, there "must be either an injury to

the person or to property. Mere indirect injury to a person's business or to his good name is not

sufficient."  *Hoppe v. Klapperich,* 224 Minn. 224, 232, 28 N.W.2d 780, 787 (1947) (emphasis

omitted) (quotation omitted).

Plaintiff provides several cases to show strong likelihood of success in support of an abuse

of process claim:

- *Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986 (N.D. Iowa 2014) (support for abuse of process where "use of process in an improper or unauthorized manner … seeking to gain an advantage that they had not been able to acquire by any legitimate means during the many years of their ongoing dispute" *(quoting Gibson v. ITT Hartford Ins. Co.,* 621 N.W.2d 388, 398 (Iowa 2001))

- *Nitcher v. Does*, 956 F.2d 796 (8th Cir. 1992) (counterclaim abuse of process damages awarded where party filed a claim for an ulterior purpose.)

- *Baker v. Oklahoma Tire Supply Company*, 344 F. Supp. 780 (W.D. Ark. 1972) (upholding award for abuse of process when defendant attempted to use improper criminal charges to retaliate against an employee who resigned alleging that the plaintiff did not fully pay a small company authorized loan under $150 in 1971 money)

As to the <u>*first*</u> prong, Dorsey Defendants had an ulterior collateral purpose.  <u>Defendants</u>

<u>wanted to maliciously prosecute Plaintiff without probable cause</u>.  Dorsey Defendants true ulterior

purpose was to use Minneapolis City Attorney Office resources with an ulterior motive to

collaterally criminally prosecute Plaintiff in a civil case in violation of Minn. R. Prof. Cond. Rule

8.4 (e).  (*See* Compl. ¶ 15 p. 72.)  Dorsey Defendants intended to improperly silence Plaintiff's

First Amendment rights.  Secondarily, Dorsey Defendants had ulterior motives to therefore cause

forced labor and deprivation of law libraries to retaliate and silence Plaintiff.  Dorsey Defendants

allege Plaintiff "failed to explain" how the evidence illustrates their misconduct.  (*See* Dor. MTD.

¶ 11.)  Dorsey Defendants denied Plaintiff access to a law library through their repeated rigged

actions in concert with the City of Minneapolis Attorneys' Office.  (*See* Compl. ¶ 2, 6, 8.)  *Henze v. City OF Lee's Summit, Missouri*, Case No. 09-00099-CV-W-DGK, at *8 (W.D. Mo. June 21, 2010) (discussing a state court domestic restraining order and that abuse of process would exist where an action is used "attempt to garnish [that plaintiffs] wages or execute against her property") Here, Dorsey Defendants attempts to continue their pattern of obtaining Plaintiff's real property in a civil case without legal justification.

As to the <u>*second*</u> prong, "[t]o prevail on a claim for abuse of process, a plaintiff must "allege that [the defendant] has used the Court's process to obtain a 'collateral advantage'—one outside the scope of the proceedings." *Imholte v. US Bank, N.A.*, Civil No. 19-1627 (DWF/DTS), at *8 (D. Minn. Jan. 22, 2020)  Dorsey Defendants sent backchannel communications to prosecute Plaintiff without a legitimate judicial purpose.  The emails detailed in the Complaint were not based on any legitimate law enforcement, governmental, judicial, or litigation-related purpose.    Dorsey Defendants sent a Microsoft Word version of a show cause motion to Defendant Green's official Minneapolis City Attorney email.  (*See* Compl. ¶ 2 p. 4.)  The normal course for making a show cause motion under Minn. Stat. § 609.748 ("Harassment Statute") Subd. 6(d)(i) includes:

> Upon the filing of an affidavit by the petitioner, any peace officer, or an interested party designated by the court, alleging that the respondent has violated an order issued under subdivision 4 or 5, the court may issue an order to the respondent requiring the respondent to appear within 14 days and show cause why the respondent should not be held in contempt of court. The court also shall refer the violation of the order to the appropriate prosecuting authority for possible prosecution under paragraph (b), (c), or (d).

Specifically, the Harassment Statute states the respondent shall appear "within 14 days" and only thereafter should the petition be referred to the "appropriate prosecuting authority".  Moreover, the "appropriate" authority here is not the City of Minneapolis Attorneys' Office.  The Ramsey County District Court typically refers petitions to the Ramsey County or City of Saint Paul City Attorneys'

Office.  The only case, in which, the Ramsey County District Court or the Saint Paul/Ramsey County Attorney's Office Would refer a case to Minneapolis/Hennepin County would be if there is a blatant conflict of interest.  It is hard to imagine how Defendant Catherine Schaefer is a conflict of interest to Ramsey County.  Dorsey Defendants sent an extrajudicial Microsoft Word rough draft version directly to the Minneapolis City Attorneys' Office without going through the Ramsey County District Court.  This constitutes an abuse of process.  *Grise v. Allen*, Case No. 5:11-195-KKC, at *16 (E.D. Ky. Mar. 30, 2016) ("illustrat[ing] the type of extra-judicial act needed to sustain an abuse of process claim. In Mullins, the plaintiff repaired the defendants' cars, but the defendants were unhappy with the quality of the work and the cost.  The defendants went before a grand jury and obtained two indictments against the plaintiff that charged him with theft by deception") (quoting *Mullins v. Richards*, 705 S.W.2d 951 (Ky. Ct. App. 1986))  Moreover, Plaintiff did not discovery this evidence until October 28, 2019.  The discovery rule applies.  The discovery rule provides that a "cause of action did not accrue until there was some "evidence of a causal connection between the … and the defendant's … act, or omission" such that [a plaintiff] "knew or should have known ... the causal relationship."  *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 986 (D. Minn. 2013)  Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation."  *Orduno v. Pietrzak*, Civil No. 14-1393 ADM/JSM, at *6 n. 2 (D. Minn. Oct. 28, 2014) (quoting *Comcast of Ill. X v. Multi-Vision Elecs., Inc.,* 491 F.3d 938, 944 (8th Cir. 2007))  *Hoppe v. Klapperich*, 224 Minn. 224, 228-29 (Minn. 1947) ("threatening … arrest and prosecution on a criminal charge … [to] procure[] the issuance of the warrant." supports an abuse of process claim)  And, this is where Dorsey Defendants implicitly threatened criminal prosecution by emailing. (*See* Compl. ¶ 2 p. 4.)

12

### III.     Plaintiff States An Assault and Battery Claim

The elements of assault and battery require (1) intentional, unpermitted offensive contact with another." *See Paradise v. City of Minneapolis*  Dorsey Defendants alleged "nothing in the alleged Complaint even resembles an assault or battery … the allegations … veer between the conclusory and the bizarre." (*See* Dor. MTD. ¶ 11.)  Plaintiff was routinely assaulted at the behest of Defendants during hearings and during the totally and absolutely illegal and unlawful year sentence for possession of a dating profile.  Dorsey Defendants "intentional[[ly] caused the assault", the assault was "unpermitted" with respect to the illegal sentence, and the contact was always offensive.  Plaintiff was thrown against the wall on several occasions at the behest of Defendants.  Dorsey Defendants had already assaulted Plaintiff during the April 28, 2017 raid and attempted to do so again on December 14, 2017 by and way through their backchannel emails.  Finally, Dorsey Defendants systematic scheme to maliciously prosecute Plaintiff was evidenced in the past by bogus violent raids and bizarre statements including offering a pro bono attorney to a woman who had never met, spoken to, or knew Plaintiff.  (*See* Compl. ¶ 8.)

### IV.     Plaintiff States a Negligence Claim

The elements of negligence require (1) existence of a duty of care; (2) breach of that duty; (3) proximate causation; and (4) injury." *Bjerke v. Johnson*, 742 N.W.2d 660, 664 (Minn. 2007). "Duty is a threshold question . . . ." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 582 (Minn. 2012).

As to the *first* prong, Dorsey Defendants argue the claim "fails because a lawyer owes no duty of care to the adversary of the lawyer's client." (*See* Dor. MTD. ¶ 11.)  A "defendant owes a duty to protect a plaintiff when action by someone other than the defendant creates a foreseeable risk of harm to the plaintiff and the defendant and plaintiff stand in a special relationship." *In re*

*Target Corp. Customer Data Sec. Breach Litig.*, 64 F. Supp. 3d 1304, 1308 (D. Minn. 2014) (internal quotations omitted)  An "exception to this rule exists when the parties are in a special relationship and the harm to the plaintiff is foreseeable." *Id.*

- *Bremer Business Finance Corp. v. Dorsey &* Whitney (In re SRC Holding Corp.), 364 B.R. 1 (D. Minn. 2007) ("A reasonably prudent lawyer would not satisfy the duty of care by simply reaching his or her own conclusion …" … "a professional must use reasonable care to obtain the information needed to exercise his or her professional judgment, and failure to use such reasonable care would be negligence, even if done in good faith.");
- *Togstad v. Vesely, Otto, Miller Keefe,* 291 N.W.2d 686, 693 (Minn. 1980) (per curiam) (stating that the case did "not involve mere error of judgment" where "gist of plaintiffs' claim is that [the attorney] failed to perform the minimal research that an ordinarily prudent attorney would do" in a similar situation)

As to the <u>*second and third*</u> prongs, Defendants breached their duty of care.  This is a straightforward negligence case where Dorsey's own conduct in "failing to maintain appropriate data … measures and in turning off … its security measures, created a foreseeable risk of the harm that occurred, and Plaintiffs were the foreseeable victims of that harm."  *In re Target Corp. Customer Data Sec. Breach Litig.*, 64 F. Supp. 3d 1304, 1308 (D. Minn. 2014) (internal quotations omitted)  Dorsey Defendants engaged in a systematic pattern of sending material information without judicial or legal justification to effectuate a malicious prosecution scheme.  (*See* Compl. ¶ 2; 9.)  Defendants were sending material information to the Minneapolis City Attorneys' Office. *Id.*  The destination of material information stems from Dorsey Defendants obsession to malicious prosecute Plaintiff.  *Id.*  The proximate cause of the breach was Dorsey Defendants actions. *Id.*

As to the <u>*fourth*</u> prong, Plaintiff continued to suffer ongoing injury.  Defendants actions were "outrageous and totally malicious."  *Id.*  Defendants prevented Plaintiff from access to his dying mother.  *Id.*

## V.   <u>Plaintiff States an Invasion of Privacy – Intrusion Upon Seclusion Claim</u>

14

The elements of invasion of privacy – intrusion upon seclusion require (1) one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns if the intrusion would be highly offensive to a reasonable person. *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998)  Dorsey Defendants allege "Plaintiff's incarceration resulted from a sentence imposed by the Ramsey County District Court." (*See* Dor. MTD. ¶ 11.)

Plaintiff provides several cases to show strong likelihood of success in support of an invasion of privacy – intrusion upon seclusion claim:

- *Swarthout v. Mutual Service Life Ins. Co.*, <u>632 N.W.2d 741, 744-45</u> (Minn.Ct.App. 2001) ("must have a reasonable expectation of seclusion or solitude in the data source.")
- *Lehman v. Zumbrota-Mazeppa Public Schools*, No. A04-1226 (Minn. Ct. App. Apr. 19, 2005) ("Requiring an affirmative act by defendant in obtaining information.")

As to the <u>*first*</u> prong, it is defined as "intentionally intrud[ing]" in a "highly offensive" manner. *Id.* Dorsey Defendants provided private information to third parties in an effort to maliciously destroy Plaintiff. (*See* Compl. ¶ 2; 9.)  There was no reasonable basis for providing this information to circumvent statutory judicial channels. *Id.* Therefore, Plaintiff had a "reasonable expectation of seclusion or solitude in the data" provided by Dorsey Defendants to third parties. *Swarthout v. Mutual Service Life Ins. Co.*, 632 N.W.2d 741, 744-45 (Minn.Ct.App. 2001) Plaintiff did not "explicitly authorize its disclosure". *Id at 745.*  Plaintiff did not know that the contents of any information "would be disclosed" by Dorsey Defendants. *Olwell v. Medical Information Bureau*, Civil No. 01-1481 (JRT/FLN), at *1 (D. Minn. Jan. 7, 2003) (requiring affirmative consent of disclosure to nullify invasion of privacy)  Dorsey Defendants allege "[a]s best as can be gleaned from his Complaint" that the invasion of privacy resulted from an unlawful imprisonment. (*See* Dor. MTD. ¶ 12.)  Dorsey Defendants continue to ignore that it is an invasion

of privacy to conduct secret backchannel malicious prosecution schemes and disclose Plaintiff's private information to third parties without proper judicial adjudication.  (*See* Compl ¶ 8.) Moreover, Dorsey Defendants acted in concert with Defendants to invade Plaintiff's privacy through the unlawful sentence.  (*See* Compl ¶ 2.)

## VI.   Plaintiff states an Intentional Infliction of Emotional Distress Claim

The elements of intentional infliction of emotional distress require (1) conduct so extreme and outrageous that it passes the boundaries of decency and is utterly intolerable to the civilized community; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress to the plaintiff; and (4) the distress was so severe that no reasonable person could be expected to endure it.  *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003); *Kelly v. City of Minneapolis*, 598 N.W.2d 657

Plaintiff presents several cases showing a strong likelihood of success in support of an IIED claim:

- *Hubbard v. United Press Intern., Inc.*, 330 N.W.2d 428, 437 (Minn. 1983) ("extreme and outrageous conduct intentionally or recklessly causes severe emotional distress")
- *State Farm Mut. Auto. Ins. Co. v. Village of Isle*, 265 Minn. 360, 368, 122 N.W.2d 36, 41 (1963)(a plaintiff may recover emotional distress damages when there has been a "direct invasion of the plaintiff's rights such as that constituting slander, libel, malicious prosecution, seduction, or other like willful, wanton, or malicious conduct."
- *Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996) (upholding IIED claim when malicious prosecution is present)
- *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 560 (8th Cir. 1989) (holding that store acted with police in working to prosecute without probable cause where "[defendant] continued to detain, search, and prosecute [plaintiff] without probable cause and in violation of its own policy smacks of exactly the type of "intentional infliction" to which this cause of action refers.")

As to the _first_ prong, it is defined as "extreme and outrageous" conduct.  *Hubbard v. United Press Intern., Inc.*, 330 N.W.2d 428, 437 (Minn. 1983).  **Dorsey Defendants admit to** "attempting to initiate criminal charges."  (*See* Dor. MTD. ¶ 15.)  As described above, it is "outrageous" if a direct invasion of rights occurs.  *Manteuffel,* 570 N.W.2d 807.  Secondly, it is "outrageous" and "reckless" if a private firm acts in concert with a government body to continue to prosecute without probable cause. *Murray,* 874 F.2d 555, 560 (8th Cir. 1989)

As to the _second_ prong, it is defined as "reckless" conduct.  *White v. Stenglein*, Civil No. 15-2573 (DSD/TNL) (D. Minn. Sep. 8, 2016)

As to the _third_ prong, it is defined as "distress inflicted".  *Id.*

As to the _fourth_ prong, it is defined as "severe".  Moreover, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Hubbard v. United Press Int'l*, 330 N.W.2d 428, 439 (Minn. 1983)  This is particularly where a private law firm is acting in concert with the Minneapolis City Attorneys' office to prosecute Plaintiff in a civil case for frivolous non-crimes.  (*See* Compl. ¶ 8.)

## VII.   <u>Plaintiff States a Negligent Infliction of Emotional Distress Claim</u>

The elements of negligent infliction of emotional distress require (1) was within a zone of danger of physical impact; (2) reasonably feared for [his or] her own safety; and (3) suffered severe emotional distress with attendant physical manifestations." *Stead-Bowers*, 636 N.W.2d at 343.

Plaintiff provides several cases showing strong support for the likelihood of success in support of an NEID claim:

- *Stewart v. Wisinger*, Case No. 5:17-CV-148-DCB-MTP (S.D. Miss. July 3, 2019) (NEID claim not precluded from trial when malicious prosecution present)
- *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001) (NEID claim not precluded from trial when malicious prosecution present)

- *Ross v. City of Hartford*, No. 3:12CV00141(AWT) (D. Conn. Mar. 4, 2013) (granting NEID claim under a malicious prosecution claim)
- *Tebockhorst v. Bank United of Texas*, No. C6-97-206 (Minn. Ct. App. Aug. 19, 1997) (Stating requirement for malicious torts e.g., malicious prosecution to satisfy "zone of danger" element")

As to the *first* prong, "[d]ue to concerns about unintended and unreasonable results, the supreme court has deliberately limited the zone of danger to the threat of personal physical danger." *K.A.C. v. Benson,* 527 N.W.2d 553, 559 (Minn. 1995)  Here, Dorsey Defendants placed Plaintiff in a zone of danger by their malicious prosecution scheme.  Dorsey Defendants content that Plaintiff does not allege a "connection between any Dorsey Defendant and the prosecution that resulted." (*See* Dor. MTD. ¶ 14.)  The emails and overwhelming evidence are illustrative of Dorsey Defendants connection to Defendant Lindsey Middlecamp and the City of Minneapolis Attorneys' Office who began and maintained the vindictive act. (*See* Compl. ¶ 6.)

As to the *second* prong, "[w]hen a plaintiff was not within the zone of danger, a plaintiff may still be able to bring a claim of negligent infliction of emotional distress if the plaintiff can show "a direct invasion of her rights, such as defamation, malicious prosecution, or other willful, wanton, or malicious conduct." *Stead-Bowers,*636 N.W.2d at 343.  Here, Plaintiff states a malicious prosecution claim and therefore the zone of danger exists.

As to the *third* prong, a party:

> "presents a valid claim when [they] experiences a reasonable anxiety, with physical symptoms, from being in a situation where it was abundantly clear that [a plaintiff] was in grave personal peril for some specifically defined period of time." *Wall v. Fairview Hosp. Healthcare Servs.,*584 N.W.2d 395, 408 (Minn. 1998) (quotation omitted) See also *Graham v. Independent Sch. Dist. 625*, No. A05-201, at *1 (Minn. Ct. App. Nov. 29, 2005)

Here, the "defined period of time" lasted for a year. (*See* A19-0085, Minnesota Court of Appeals, June and September letters.)  Moreover, Defendants routinely placed Plaintiff in zones of danger through their malicious prosecution scheme and backchannel extrajudicial email communications.

18

## VIII.  **Plaintiff States a Conspiracy Claim**

The elements of conspiracy require (1) an unlawful purpose or (2) a lawful act by unlawful means. *See Robert Allen Taylor Co. v. United Credit Recovery*, 2016 Minn. App. Unpub. LEXIS 936, at *30 (Minn. Ct. App. Oct. 3, 2016). A conspiracy claim is properly dismissed when there are insufficient allegations of an underlying tort. *See D.A.B. v. Brown*, 570 N.W.2d 168, 172 (Minn. Ct. App. 1997).

Once a *prima facie* case of conspiracy has been established, the acts, statements, and conduct of each of the conspirators in execution or furtherance of the common purpose may be shown as evidence against the other. *See Nicolay v. Mallery*, 64 N.W. 108, 62 Minn. 119, (Minn. 1895).  Here, Plaintiff has stated the claims described above.  Cases involving an underlying fraud[4] claim as a conspiracy claim have been brought.  *See Greenpond South, LLC v. General Electric Capital Corp.*, 886 N.W. 2d 649 (2016).  Cases involving an underlying false imprisonment as a conspiracy claim have been brought.  *Dick v. Watonwan County*, 551 F. Supp. 983 (D. Minn. 1982)  Cases involving an underlying malicious prosecution as a conspiracy claim have been brought.  *Larson v. Bogenholm*, No. 18-cv-2554 (WMW/DTS) (D. Minn. Sep. 20, 2019)  Cases involving an underlying abuse of process as a conspiracy claim have been brought.  *Alexander v. Hedback*, Civil No. 11-3590 ADM/JSM (D. Minn. June 5, 2012)  Cases involving an underlying IIED as a conspiracy claim have been brought.  *Cassell v. Cnty. of Ramsey*, Civil No. 10-4981 (JRT/TNL) (D. Minn. Mar. 19, 2012)  Cases involving an underlying NIED as a conspiracy claim have been brought.  *Kedrowski v. Lycoming Engines*, Case No. 15-19(DSD/LIB) (D. Minn. May 8, 2015)

---

[4] Plaintiff only asserts a fraud claim against Defendant Grace Miller but Dorsey Defendants are therefore liable for the acts of Defendant Miller.

## IX.     Plaintiff States a Claim for False Improsnment/Arrest

The elements of false arrest require (1) an arrest performed by the defendant and (2) the unlawfulness of such arrest. *Perkins v. County of St. Louis*, 397 N.W.2d 405, 408 (Minn. Ct. App. 1986) (citing *Lundeen v. Renteria*, 224 N.W.2d 132, 135 (Minn. 1974)).

As to the *first* prong, Plaintiff was unlawfully imprisoned." (*See* Compl. ¶ 1.)

As to the *second* prong, Dorsey Defendants lacked probable cause. *Kelly v. City of St. Paul*, Civil No. 09-461 (JRT/JSM) (D. Minn. Oct. 18, 2010)  Moreover, "A citizen's right to exercise First Amendment freedoms without facing retaliation from government officials is clearly established." *Baribeau v. Minneapolis,* 596 F.3d at 481 (internal quotation marks omitted)." *Kelly v. City of St. Paul*, Civil No. 09-461 (JRT/JSM), at *19 (D. Minn. Oct. 18, 2010)  Here, Dorsey Defendants acted in concert with the government by using their private contractual relationship with the City of Minneapolis Attorneys' Office.  The show cause motion was related to first amendment related allegations raised by Dorsey Defendants.  Awareness is a fundamental element of proving malicious confinement. *Blaz v. Molin Concrete Products Co.,* 309 Minn. 382, 385, 244 N.W.2d 277, 279 (1976) Overwhelming evidence can support false imprisonment claims. *Eilers v. Coy*, 582 F. Supp. 1093, 1096 (D. Minn. 1984)

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Dorsey Defendants January 31, 2020 **Motion to Dismiss** be dismissed in its entirety.

Dated: February 22, 2020
Hudson, WI

s/ Brock Fredin
Brock Fredin
Hudson, WI 54016
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
Plaintiff, *Pro Se*

# CERTIFICATE OF SERVICE

**The undersigned hereby certifies that a true and correct copy of the following:**

- CORRECTED OPPOSITION TO DORSEY DEFENDANTS MOTION TO DISMISS

Was served electronically via email to the following:

>Peter Lancaster
>Lancaster.peter@dorsey.com
>Karl Johann Breyer
>Jon.Breyer@KutakRock.com
>Adam C. Ballinger
>BallingerA@ballardspahr.com

Dated: February 22, 2020

s/ Brock Fredin
Brock Fredin
Hudson, WI
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
Plaintiff, *Pro Se*
