UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,                                             Civil No. 19-cv-3051 (SRN/HB)

          Plaintiff,

v.                                                                      **ORDER**

Grace Elizabeth Miller, Catherine
Schaefer, Lindsey Middlecamp, David
Middlecamp, Peter Mayer, David Green,
and Dorsey and Whitney,

          Defendants.

      This matter is before the Court *sua sponte* on Plaintiff Brock Fredin's Amended Complaint [Doc. No. 81] filed on March 11, 2020.  The pleading is stricken.

      Mr. Fredin did not file a motion to amend his complaint.  Instead, he filed the Amended Complaint 21 days after Defendants Grace Miller, Catherine Schaefer, Lindsey Middlecamp, and David Middlecamp (collectively, "Miller Defendants") filed a Motion to Dismiss [Doc. No. 60] on February 19, 2020.  From these two facts, the Court infers that Mr. Fredin thought he was permitted to file an Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  That Rule provides:

    (1) Amending as a Matter of Course. A party may amend its pleading once
    as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required,
        21 days after service of a responsive pleading or 21 days after
        service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The question arises whether the Amended Complaint was filed in time to be permitted as a matter of course. Although the Miller Defendants filed their Motion to Dismiss on February 19, 2020, that motion was preceded by a Motion to Dismiss [Doc. No. 29] filed by Defendants Dorsey & Whitney LLP, David Green, and Peter Mayer (collectively, "Dorsey Defendants") on January 31, 2020. Thus, the Court must decide whether the 21 days is measured from the filing date of the first motion or the filing date of the second motion.

The advisory committee notes to the 2009 amendment provide a clear answer: "The 21-day period to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment. In addition, "several courts have considered how to apply Rule 15(a)(1) when multiple defendants file separate motions to dismiss" and have concluded the 21-day period begins on the day the first motion was filed. *United States ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015); *see also Kieffer v. Tundra Storage LLC*, No. 14-3192 (ADM/LIB), 2015 WL 5009012, at *3 (D. Minn. Aug. 21, 2015) ("The 21-day period to amend therefore began to run on April 13 and did not reset when subsequent pleadings and motions were filed."); *Williams v. Black Entm't Television, Inc.*, No. 13-cv-1459, 2014 WL 585419, at *4 (E.D.N.Y. Feb. 14, 2014); *Trujillo v. City of Newton*, No. 12–2380–JAR–DJW, 2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013).

The Court concludes here that the 21-day period to amend as a matter of course began to run on January 31, 2020, when the Dorsey Defendants filed their motion to dismiss. The Amended Complaint was filed on March 11, 2020, more than 21 days later. Thus, Mr. Fredin is not entitled to amend as a matter of course pursuant to Rule 15(a)(1)(B).

Nor does justice require leave to amend, *see* Fed. R. Civ. P. 15(a)(2), because Mr. Fredin has not met the requirements of District of Minnesota Local Rule 7.1 or Rule 15.1(b). That is, he has not filed a redlined version of the proposed amended pleading, a meet-and-confer statement, a motion, a notice of hearing, a memorandum of law, or a proposed order. Mr. Fredin's pro se status does not excuse him from following the Local Rules. *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017).

A court may order that an unauthorized complaint be stricken. *E.g.*, *Spencer v. Brott*, No. 17-cv-5035 (DSD/TNL), 2019 WL 6884775, at *10 (D. Minn. Nov. 21, 2019), *R. & R. adopted*, 2019 WL 6874657 (D. Minn. Dec. 17, 2019); *Traditions of Iowa, LLC v. Commerce Fin. Grp., Inc.*, No. 13-cv-0109 (PJS/JJG), 2013 WL 1611478, at *2 (D. Minn. Apr. 15, 2013) (striking amended complaint for failing to comply with Federal Rules of Civil Procedure and District of Minnesota Local Rules); *Sunde v. Haley*, No. 3:12-cv-00416-RCJ, 2013 WL 5973815, at *6 (D. Nev. Nov. 7, 2013) (striking proposed amended complaint under Federal Rule of Civil Procedure 12(f) because it was unauthorized and inoperative, "and therefore impertinent").

4

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Amended Complaint [Doc. No. 81] is **STRICKEN**.


Dated: March 12, 2020          s/ *Hildy Bowbeer*
                               HILDY BOWBEER
                               United States Magistrate Judge