UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brock Fredin,

                Plaintiff,

v.

Grace Elizabeth Miller, Catherine Schaefer, Lindsey Middlecamp, David Middlecamp, Peter Mayer, David Green, and Dorsey and Whitney

                Defendants.

Case No. 19-cv-03051-SRN-HB

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS GRACE MILLER, CATHERINE SCHAEFER, LINDSEY MIDDLECAMP, AND DAVID MIDDLECAMP**

Grace Miller, Catherine Schaefer, Lindsey Middlecamp, and David Middlecamp (collectively, the "***Non-Dorsey Defendants***") hereby submit this Reply Memorandum of Law in Support of their Motion to Dismiss (the "Reply").

**ARGUMENT**

**I.    Plaintiff has Failed to State a Claim for Malicious Prosecution (Counts 1, 2 and 3).**

In Minnesota, the essential elements of malicious prosecution are (1) a criminal proceeding instituted without probable cause and with no reasonable ground on which to base a belief that the prosecution would prevail; (2) the proceeding was instituted and prosecuted with malicious intent; and (3) the proceeding ultimately terminated in favor of the defendant. *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).

Plaintiff's malicious prosecution claims must be dismissed. Plaintiff has not set forth any allegation that there was either a lack of probable cause or no reasonable ground on which to base a belief that the prosecution would prevail. Indeed, Plaintiff's own complaint alleged just the opposite.

The Plaintiff merely recites the governing legal standard of probable cause which is not entitled to a presumption of truth. Instead, Plaintiff's complaint not only alleges the existence of probable cause that a crime was committed, but admits jury-found guilt by alleging that he was charged with crimes, had a full and fair trial, was convicted and sentenced. Complaint at ¶ 21 ("Plaintiff was sentenced to an executed year jail sentence…."). Nowhere does the Plaintiff allege that he challenged the probable cause relating to his criminal prosecution in that proceeding. And, despite parroting an element of the claim, Plaintiff's own allegations bely his other formulaic legal conclusion that there was no probable cause.

The cases cited by Plaintiff do nothing to support his faulty claims. In *Allen v. Osco Drug, Inc.*, 265 N.W.2d 639 (Minn. 1978), the Defendant filed a check forgery charge against the account holder *after* being notified by the authorities and the Plaintiff's checkbook had been stolen and the thief issued forged checks. In *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 557 (8th Cir. 1989), Wal-Mart instigated a criminal prosecution *after* learning that an alleged shoplifter had not stolen any goods. In each case, the party attempted to prosecute a case after learning of its futility.  That is not the case here, where Plaintiff was found guilty of the crime. Plaintiff's reliance on *Bender v. City of New York*, 78 F.3d 787, 788 (2d Cir. 1996) is similarly misplaced because that case involves damages

associated with multiple torts, including intentional infliction of emotional distress, malicious prosecution, and false arrest.

Next, the Plaintiff complains of actions and conduct that do not rise to the level of a formal criminal proceeding and, as such, cannot form the basis of a malicious prosecution claim. "Actions such as a criminal charge or indictment would meet this requirement. The initiation of a criminal investigation alone, without further proceedings, falls short." *Stead-Bowers v. Langley*, 636 N.W.2d 334, 341 (Minn. Ct. App. 2001) Furthermore, "[n]o one can recover damages for a legal arrest and conviction…." *Van Audenhove v. Perry*, 11 Cal. App. 5th 915, 920, 217 Cal. Rptr. 3d 843, 846 (Ct. App. 2017), as modified (June 14, 2017) (internal quotations and citations omitted).

Plaintiff's reliance on the retroactivity doctrine is similarly misplaced. Plaintiff argues that because one of the crimes he was convicted of committing was later held to be constitutionally vague by the Minnesota Supreme Court, that the entire proceeding was a sham. *See Matter of Welfare of A.J.B.*, 929 N.W.2d 840 (Minn. 2019). In the words of the Plaintiff, "[g]iven the retroactive doctrine … [there] was never a 'crime' to begin with" such that now he can maintain malicious prosecution claims against the Non-Dorsey Defendants. Plaintiff is wrong. Of course the Minnesota Supreme Court's holding was respected by the lower courts in the Plaintiff's criminal case. It is the interest of other criminal defendants–seeking to avail themselves of the new ruling–either in direct and collateral cases to which the retroactivity doctrine speaks. It does not, however, excuse the Plaintiff from pleading and proving that a criminal prosecution terminated in favor of the Plaintiff. It did not. Plaintiff did not successfully contest probable cause in his criminal

trial, was convicted for his crime, and his malicious prosecution claims should be dismissed.

### II. Plaintiff has Failed to State a Claim for False Imprisonment (Count 4).

The Plaintiff fails to point to any allegation in the complaint that the Non-Dorsey Defendants falsely imprisoned him. Defendant's own brief admits that "[l]awful detention by legal authorities does not constitute false imprisonment". Op. Br. At 20. Indeed, "in the context of an arrest by legal authorities, the essential elements of a claim for false imprisonment are the arrest and the unlawfulness of the arrest." *Warner v. Jordan*, No. CX-97-1780, 1998 WL 157363, at *5 (Minn. Ct. App. Apr. 7, 1998). The Plaintiff's arrest and imprisonment was lawful. The Plaintiff's false imprisonment claim should be dismissed.

### III. Plaintiff has Failed to State a Claim for Abuse of Process (Counts 5, 6, 7.1[1]).

Plaintiff's Complaint fails to allege that any Non-Dorsey Defendant committed an abuse of process. Plaintiff raises the discovery rule in response to his alleged late-discovered "evidence" on October 28, 2019. Yet, Plaintiff is mistaken. The discovery rule is a tool used to determine when a claim accrues for statute of limitations purposes. It does not excuse a party from its own discovery missteps, such as, failing to subpoena information in a timely manner. For the reasons described in the motion, Plaintiff's abuse of process claims must be dismissed.

---

[1] The Plaintiff included two claims labelled "Count 7". For purposes of this motion the Non-Dorsey Defendants will refer to Count 7 – Abuse of Process as "***Count 7.1***" and Count 7 – Assault and Battery as "***Count 7.2***"

4

### IV.     Plaintiff has Failed to State a Claim for Assault and Battery (Count 7.2).

Plaintiff's Complaint fails to allege assault or battery against any Non-Dorsey Defendant. Plaintiff now argues that he was assaulted and battered "at the behest of Defendants" while he attended hearings or was incarcerated. Yet, the Plaintiff fails to point to any allegation in the complaint that law enforcement, court personnel, or jail personnel are agents or otherwise act at the behest of the Non-Dorsey Defendants. For the reasons described in the motion, the Plaintiff's assault and battery claim must be dismissed.

### V.      Plaintiff has Failed to State a Claim for Negligence (Counts 8, 9, and 10).

Plaintiff fails to state a claim for negligence against any Non-Dorsey Defendant. The essential elements of a negligence claim are "(1) existence of a duty of care; (2) breach of that duty; (3) proximate causation; and (4) injury." *Bjerke v. Johnson*, 742 N.W.2d 660, 664 (Minn. 2007). "Duty is a threshold question . . . ." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 582 (Minn. 2012). "If no duty exists, a court need not reach the remaining elements of a negligence claim." *Kellogg v. Finnegan*, 823 N.W.2d 454, 458 (Minn. Ct. App. 2012).

Count 8 alleges that the Non-Dorsey Defendants negligence caused him to be imprisoned. The Plaintiff argues that because Defendant L. Middlecamp is a licensed attorney, there is a special relationship between Ms. Middlecamp and Mr. Fredin, that obligates L. Middlecamp to exercise ordinary care. But Plaintiff has not alleged that there is any attorney/client relationship between Mr. Fredin and Ms. Middlecamp–an essential element to bring a negligence case against an attorney. The Plaintiff's complaint is entirely

devoid of any allegation of a special relationship between Mr. Fredin and any of the Non-Dorsey Defendants.

Count 9 alleges that Defendant Miller owed Plaintiff a duty of care, initiated police reports that Plaintiff alleges were false, that the alleged false police reports were the proximate cause of that injury, and that Plaintiff was allegedly damaged. Compl. at ¶¶ 85–88. The Plaintiff's reliance on *Johnson v. O'Brien*, 105 N.W.2d 244, 247 (Minn. 1960) is misplaced, as that case relates to the duty a landlord owes a tenant. Furthermore, the Plaintiff does not allege what knowledge of a dangerous condition Defendant Miller possessed that could create a duty.

Count 10 of the Complaint alleges that Defendants "caused harm to Plaintiff by attempting to criminally prosecute Plaintiff in a civil case." Compl. at ¶ 90. The Plaintiff argues that a duty of care "not to send Plaintiff's private information" to third parties exists. Yet, assuming this allegation is true, the Plaintiff fails to plead the existence of any basis which would preclude disclosure of information regarding the Plaintiff. And Plaintiff's reliance on an email to Ms. Heng is nothing more than (i) a notice that there could be negative reporting involving St. Paul law enforcement; and (ii) the sharing of a publicly available Minnesota Court of Appeals decision involving the Plaintiff.  None of this amounts to negligence.

### VI.     Plaintiff has Failed to State a Claim for Invasion of Privacy – Intrusion Upon Seclusion (Count 12).

Plaintiff fails to allege that any Non-Dorsey Defendant invaded his privacy by intruding upon his seclusion. As alleged by Plaintiff, his incarceration resulted from a

sentence imposed by the Ramsey County District Court, and Plaintiff alleges no intrusion undertaken by any of the Defendants. Count 12 of Plaintiff's Complaint must be dismissed.

### VII. Plaintiff has Failed to State a Claim for Intentional Infliction of Emotional Distress (Counts 13, 14, and 15).

Plaintiff fails to state a claim for intentional infliction of emotional distress ("*IIED*") against any Non-Dorsey Defendant. The essential elements of an IIED claim are (1) conduct so extreme and outrageous that it passes the boundaries of decency and is utterly intolerable to the civilized community; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress to the plaintiff; and (4) the distress was so severe that no reasonable person could be expected to endure it. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003); *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 663 (Minn. 1999); *Hubbard v. United Press Int'l, Inc.*, 330 N.W. 2d 428, 438-39 (Minn. 1983). Recovery is only permitted when the defendant's conduct was directed at the plaintiff and the defendant knows of the plaintiff's presence, such that the defendant can anticipate the mental effect upon the plaintiff. *See Dornfeld v. Oberg*, 503 N.W.2d 115, 119-20 (Minn. 1993). Minnesota law generally disfavors IIED claims. *See Hubbard*, 330 N.W.2d at 437.

#### A. Count 13 fails to state a claim against the Non-Dorsey Defendants.

Plaintiff's IIED claim based on false imprisonment fails for the same reasons Plaintiff's false imprisonment claim fails. The Plaintiff was lawfully detained and incarcerated after being found guilty and sentenced for a crime. The Plaintiff does not plead any allegation that the Non-Dorsey Defendants directed or had the power to direct any of Plaintiff's treatment by law enforcement or court personnel. Count 13 should be dismissed.

7

4821-7094-3418.1

### B. Count 14 fails to state a claim against Defendant Miller.

Count 14 asserts that Defendant Miller, by filing alleged false police reports, caused severe emotional distress. Under *Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 866 (Minn. 2003), the filing of an alleged false police report "does not rise to the level of outrage that is 'utterly intolerable to the civilized community'" and may not qualify as an act capable of inflicting IIED. *Id.* (citing *Fuller v. Local Union No. 106*, 567 N.W. 2d 419, 423 (Iowa 1997) *and Holland v. Sebunya*, 2000 ME 160, 759 A.2d 205, 212 (Me. 2000). While Plaintiff attempts to cite cases from outside of Minnesota, Plaintiff does not cite to any authority to sustain an IIED claim under Minnesota law. *Accord Langeslag v. KYMN Inc.*, 664 N.W.2d at 866. Accordingly, Count 14 should be dismissed because the Plaintiff solely relies on the alleged false police reports–which are insufficient to support an IIED claim as a matter of law.

### C. Count 15 fails to state a claim against Defendants L. Middlecamp, D. Middlecamp, and C. Schaefer.

Count 15 alleges that the December 14, 2017 email to the St. Paul City Attorney's office intentionally inflicted severe emotional distress on the Plaintiff. The Plaintiff is alleging that the Defendants "sent … emails attempting to file knowingly false charges…." Compl. at ¶ 117. The Plaintiffs allegations are insufficient to plausibly plead an IIED claim as a matter of law. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 866 (Minn. 2003); *see also* Section IX(B), *supra*.

### VIII.     Plaintiff has Failed to State a Claim for Negligent Infliction of Emotional Distress (Counts 16 and 17).

Plaintiff's Complaint fails to state a claim for negligent infliction of emotional distress. "To establish a claim for negligent infliction of emotional distress, a plaintiff must ordinarily show [he or] she (1) was within a zone of danger of physical impact; (2) reasonably feared for [his or] her own safety; and (3) suffered severe emotional distress with attendant physical manifestations." *Stead-Bowers*, 636 N.W.2d at 343.

Plaintiff bases his claim on emotional distress that allegedly stemmed from his incarceration in Ramsey County. He argues that the Non-Dorsey Defendants placed him in the zone of danger which, by Plaintiff's own admission, is limited to personal physical danger. Yet, nowhere in Plaintiff's complaint does he allege actions by the Non-Dorsey Defendants that placed Plaintiff in the zone of personal physical danger. Instead, Plaintiff alleges emails, conversations, court-ordered hearing dates, and lawful incarceration as the source of his emotional distress. Plaintiff's negligent infliction of emotional distress should be dismissed. Indeed, "[t]o be within the 'zone of danger,' the plaintiff must show that the defendants 'placed her within a zone of danger of physical impact, prompting reasonable safety concerns and causing severe emotional distress and resultant physical injury.'" *Stead-Bowers v. Langley*, 636 N.W.2d 334, 343 (Minn. Ct. App. 2001). The Plaintiff has failed to plead any allegations sufficient to support this claim. Count 16 should be dismissed.

### IX. Plaintiff has Failed to State a Claim for Abuse of Process (Count 18).

The Non-Dorsey Defendants incorporate the Abuse of Process legal standard described in Section IV, *supra*. Count 18 simply restates the Abuse of Process claims already asserted in Counts 5, 6 and 7, which relate to the alleged filing of false police reports and the proceeding in Ramsey County District Court that resulted in Plaintiff being found guilty by a jury and incarcerated by the Court. For the reasons already stated above, Count 18 must also be dismissed.

### X. Plaintiff has Failed to State a Claim for Civil Conspiracy on All Claims (Count 19.1).[2]

Plaintiff's Complaint fails to allege civil conspiracy. To establish civil conspiracy, a claimant must allege that two or more people worked together to accomplish (1) an unlawful purpose or (2) a lawful act by unlawful means. *See Robert Allen Taylor Co. v. United Credit Recovery*, 2016 Minn. App. Unpub. LEXIS 936, at *30 (Minn. Ct. App. Oct. 3, 2016). A conspiracy claim is properly dismissed when there are insufficient allegations of an underlying tort. *See D.A.B. v. Brown*, 570 N.W.2d 168, 172 (Minn. Ct. App. 1997). As the Plaintiff has not pleaded any plausible underlying tort with respect to any Defendant, Count 19.1 should be dismissed.

### XI. Plaintiff has Failed to State a Claim for False Arrest (Count 19.2).

Plaintiff alleges that the Non-Dorsey Defendants falsely arrested Plaintiff as a result of his prosecution, conviction, and sentencing. The essential elements of a claim for false

---

[2] The Plaintiff included two claims labelled "Count 19." For purposes of this motion the Non-Dorsey Defendants will refer to Count 19 – Civil Conspiracy on All Claims as "**Count 19.1**" and Count 19 – False Arrest as "**Count 19.2**"

4821-7094-3418.1

arrest are (1) an arrest performed by the defendant, and (2) the unlawfulness of such arrest. *Perkins v. County of St. Louis*, 397 N.W.2d 405, 408 (Minn. Ct. App. 1986) (citing *Lundeen v. Renteria*, 224 N.W.2d 132, 135 (Minn. 1974)). An arrest is the "taking [of] a person into custody that the person may be held to answer for a public offense" and "includes actually restraining a person or taking into custody a person who submits." Minn. Stat. § 629.30. Plaintiff fails to allege any conduct by any Non-Dorsey Defendant that satisfies the elements of this claim. The Plaintiff does not plead that any Non-Dorsey Defendant performed an arrest or that such arrest was unlawful. Count 19.2 of Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Non-Dorsey Defendants respectfully request that the Court dismiss the Complaint.

Date: April 20, 2020

**BALLARD SPAHR LLP**

By: /s/ Adam C. Ballinger
Adam C. Ballinger (MN #389058)
2000 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211
ballingera@ballardspahr.com

*Attorneys for Defendants Grace Elizabeth Miller, Catherine Schaefer, Lindsey Middlecamp, and David Middlecamp*